977 P.2d 175

**In the Matter of the Arbitration Between Clayton KALAWAIA, Claimant–Appellant,**

v.

**AIG HAWAI'I INSURANCE CO., Respondent–Appellee**

No. 21811.

Supreme Court of Hawai'i.

May 20, 1999.

Roy J. Bell, III, Honolulu, on the briefs, for claimant-appellant.

Carlos D. Perez–Mesa of the Law Offices of James T. Wong, Honolulu, on the briefs, for respondent-appellee.

MOON, C.J., and KLEIN, LEVINSON, NAKAYAMA, and RAMIL, JJ.

Opinion of the Court by NAKAYAMA, J.

Claimant-appellant Clayton Kalawaia appeals from an order of the circuit court, confirming an arbitration award in his favor, but denying him prejudgment interest. Initially, this case presents a heretofore unresolved issue concerning appellate jurisdiction. We hold, on the facts of this case, that we have appellate jurisdiction to entertain Kalawaia's appeal. On the merits of the appeal, the circuit court ruled that it was authorized to make an award of prejudgment interest, but that such an award was not justified herein. We hold that, where the entire dispute has been submitted to arbitration, the circuit court is not authorized to increase the arbitration award by ordering the payment of interest commencing prior to the date of the arbitration award. Therefore, we affirm the circuit court's order, but on different grounds.

## I. BACKGROUND

On October 27, 1990, Kalawaia was involved in an automobile accident and incurred physical injuries. On October 29, 1991, Kalawaia was involved in a second automobile accident, suffering additional injuries. At the time of both accidents, Kalawaia was an insured under an automobile policy issued by respondent-appellee AIG Hawai'i Insurance Company. Kalawaia had uninsured motorist (UM) and underinsured motorist (UIM) coverage in effect at the time of both accidents. The UIM/UM coverage limits were $105,000 for each accident.[1]

---

1. The 1990 accident was caused by a vehicle insured by Island Insurance Company, with a

In April 1993, an independent medical examination was conducted of Kalawaia at the behest of AIG. Jordan Popper, M.D., diagnosed Kalawaia as suffering from "thoracic outlet disorder" as a result of the accidents. Kalawaia underwent surgery on two occasions pursuant to Dr. Popper's diagnosis. In February 1995, Kalawaia reached a settlement with the driver involved in the 1990 accident for the bodily injury limit under that driver's insurance policy. Thereafter, Kalawaia made a demand on AIG for settlement of his UM/UIM claims, in the aggregate amount of $550,000 for a settlement of claims relating to both accidents.

In January 1996, AIG made a global settlement offer of $100,000 for all claims. On or about February 1, 1996, Kalawaia demanded arbitration pursuant to his insurance contract with AIG.[2] In February and March 1996, Kalawaia requested an advance payment from AIG in the amount of $20,000, to be credited against an arbitration award. AIG refused Kalawaia's request.

The arbitration hearing was initially scheduled for May 15, 1997. For various reasons, the arbitration was postponed and rescheduled for December 9 and 10, 1997. On December 2, 1997, AIG sent Kalawaia a letter stating, in part, that "AIG, in good faith, again offers to resolve the 1990 accident for $50,000 and the 1991 accident for $50,000 for a global settlement of $100,000." During a telephone conference with the arbitrators, Kalawaia attempted to accept $50,000 for the 1990 accident without accepting the settlement offer for the 1991 accident. AIG's attorney did not object, but AIG later refused to agree to the partial settlement and asserted that the only viable offer was $100,000 for all claims and that it would not separate the offers.

Because one of the arbitrators, Morgan Timberlake, believed that the dispute regarding what occurred at the telephone conference made him a potential witness in the case, he resigned as an arbitrator. Due to the delay in selecting a new arbitrator, the arbitration hearing was not held until April 1, 1998.

After the arbitration hearing, the arbitrators issued an order on June 1, 1998. This order awarded Kalawaia $104,026 for the 1990 accident and $85,285 for the 1991 accident. The order stated in relevant part that, in coming to agreement on the damages to be awarded, "[t]he task was to say the least formidable based upon the complexity of the injuries sustained and the medical care received[.]"[3]

On June 16, 1998, Kalawaia filed a motion in the circuit court of the first circuit to confirm the arbitration award and for an award of prejudgment interest on the award. He requested prejudgment interest from the dates of his first settlement demands in 1995.[4] AIG opposed Kalawaia's motion for prejudgment interest on the grounds that (1) the circuit court is not empowered to award

---

bodily injury policy limit of $35,000. Because Kalawaia's injuries from this accident exceeded this amount, UIM coverage was, therefore, triggered by the 1990 accident. The 1991 accident was blamed on a "phantom vehicle," which caused an automobile insured by GEICO to swerve into Kalawaia's vehicle. Because the phantom vehicle was determined to be at fault, UM coverage was triggered. Neither Island Insurance nor GEICO were involved in the arbitration at issue herein.

2. Kalawaia's insurance policy provided, in relevant part, that
   If we and a covered person do not agree:
   1. Whether that person is legally entitled to recover damages under this endorsement; or
   2. As to the amount of damages; either party may make a written demand for arbitration. . . .

A decision agreed to by two of the arbitrators will be binding as to:
   1. Whether the covered person is legally entitled to recover damages; and
   2. The amount of damages[.]

3. The panel concluded, *inter alia*, that the thoracic outlet syndrome was a misdiagnosis and that Kalawaia never, in fact, required the surgeries. Moreover, the injuries had to be apportioned between the two accidents and a prior, unrelated, injury from 1987.

4. Kalawaia alleges that he made his first demand relating to the 1990 accident on September 26, 1995 and that his first demand relating to the 1991 accident was tendered on November 2, 1995. His motion for prejudgment interest requested that interest on the arbitration award be granted from these dates.

prejudgment interest in private arbitration proceedings and (2) even if the court were so empowered, such an award was not justified under the facts of this case.

A hearing was held on July 9, 1998. At the hearing, the circuit court stated that:

> Without reaching the question of whether or not HRS [§ ] 636–16 authorizes the Court to award prejudgment interest in these types of cases, the Court suggests that counsel read *Gadd v. Kelley*, 66 Haw. 431, [667 P.2d 251 (1983)]. It has broad language in it which the Court believes would allow it to award prejudgment interest in arbitration situations.

> However, reviewing the submissions in this case and the comments of counsel, the Court cannot state that the conduct by AIG in this case was so dilatorious or in bad faith so as to warrant an award of prejudgment interest in this case.

> Therefore, the motion to confirm arbitration award is granted in part, denied in part. The award is confirmed. The request for prejudgment interest is denied, but denied on the facts of this case and not on the law.

On July 22, 1998, an order entitled "order granting in part and denying in part Claimant Clayton Kalawaia's motion to confirm arbitration award and for prejudgment interest" was filed. This order stated that

> the Court, having considered the arguments of counsel, the memorandum in support, affidavits and records and files herein, and good cause appearing therefore, IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Claimant's motion to confirm arbitration award is granted and Claimant's motion for prejudgment interest is denied.

On August 10, 1998, a document entitled "judgment pursuant to UIM/UM arbitration award" was filed. This provided that:

> Pursuant to HRS § 658–12 and the Order Granting in Part and Denying in Part Claimant Clayton Kalawaia's Motion to Confirm Arbitration Award and For Prejudgment Interest Concerning the October

27, 1990 Accident (Underinsured Motorist Claim) and the October 29, 1991 Accident (Uninsured Motorist Claim) Filed on June 16, 1998, filed herein on July 22, 1998, judgment in favor of Claimant Clayton Kalawaia and against Respondent AIG Hawaii Insurance Co. is hereby entered as follows:

| | |
|---|---|
| October 27, 1990(UIM)– | $ 69,026.61 [5] |
| October 29, 1991(UM)– | $ 85,285.59 |

| | |
|---|---|
| Total Judgment pursuant to Arbitration Award | $154,312.20 |

On August 12, 1998, Kalawaia filed a notice of appeal from the order confirming the arbitration award, filed on July 22, 1998. On August 14, 1998, Kalawaia filed a motion to alter or amend the judgment entered on August 10, 1998, requesting an order to amend the judgment to include an award of prejudgment interest.

Although we recognized an issue regarding appellate jurisdiction, due to the filing of the August 14, 1998 motion to alter or amend the judgment subsequent to the filing of the notice of appeal, we retained jurisdiction in order to make a determination as to this heretofore unresolved situation. After resolving the question of appellate jurisdiction, the sole issue raised by Kalawaia is whether the circuit court erred in denying him prejudgment interest on the bases that (1) the court utilized an incorrect legal standard and (2) the evidence clearly showed that he was entitled to such an award.

## II. DISCUSSION

### A. This court has appellate jurisdiction.

Hawai'i Rules of Appellate Procedure (HRAP) Rule 4(a)(4) (1998) provides, in relevant part, that

> [i]f a timely motion . . . is filed in the circuit or district court by any party: . . . (iii) under Rule 59, [Hawai'i Rules of Civil Procedure (HRCP)] and [District Court Rules of Civil Procedure (DCRCP)], to alter or amend the judgment . . . the time for appeal for all parties shall run from the entry of the order . . . granting or denying

5. The arbitrators award of $104,026.61 for total damages related to the October 27, 1990 accident was reduced by the $35,000 previously received by Kalawaia from the liable driver.

[this] motion. *A notice of appeal filed before the disposition of any of the above motions shall have no effect.* A new notice of appeal must be filed within the prescribed time measured from the entry of the order disposing of the motion as provided above.

(Emphasis added.)

■ Therefore, under most circumstances, Kalawaia's motion to alter or amend the judgment, filed August 14, 1998, would have voided the previously filed notice of appeal. However, pursuant to Hawai'i Revised Statutes (HRS) § 658–12 (1993), "[u]pon the granting of an order, confirming, modifying, or correcting an [arbitration] award, the *same shall . . . constitute the entry of judgment.* An appeal may be taken from such judgment[.]" (Emphasis added.) In *Oppenheimer v. AIG Hawai'i Ins. Co.*, 77 Hawai'i 88, 91, 881 P.2d 1234, 1237 (1994), we held that, "by virtue of HRS § 658–12, an order confirming an arbitration award is a final judgment from which an appeal may be taken." Furthermore, "in the context of the Arbitration and Award statute where direct appeals are specifically conferred by the statute . . . the separate document requirement prescribed in *Jenkins [v. Cades Schutte*, 76 Hawai'i 115, 869 P.2d 1334 (1994) ] *does not apply.*" *Id.* at 93, 881 P.2d at 1239 (emphasis added).

The issue, therefore, is whether, insofar as the order confirming the arbitration award is, pursuant to statute, the judgment in the action, a motion to amend a later filed "judgment" affects the exercise of appellate jurisdiction. Because the order confirming the arbitration award, not the separate judg-ment, is the dispositive document from which the appeal must be taken, a motion to amend the "judgment" is not relevant to HRAP Rule 4.[6] The Intermediate Court of Appeals reached the same result under similar facts in *Baldonado v. Liberty Mut. Ins. Co.*, 81 Hawai'i 403, 917 P.2d 730 (App.1996) (a HRCP Rule 59 motion for reconsideration filed more than 10 days after entry of the order confirming arbitration award was unauthorized and did not affect the exercise of appellate jurisdiction).

■ HRS § 658–14 (1993) provides that "[t]he judgment entered in accordance with section 658–12 has the same force and effect, in all respects as, and is subject to all the provisions of law relating to, a judgment in an action; and it may be enforced, as if it had been rendered in an action in the court in which it is entered." Under HRS §§ 658–12 and –14, and our decision in *Oppenheimer,* the separate document entered by the circuit court herein, entitled "judgment," was surplusage. It is the order confirming the arbitration award that is the final judgment disposing of the motion to confirm the arbitration award. Because of the special circumstances surrounding the confirmation of an award arising out of arbitration proceedings, and to avoid confusion in the future, the circuit court should refrain from entering a "judgment" on a separate document from the order confirming the arbitration award.

■ We hold that we have appellate jurisdiction over the appeal in this matter. No timely motion to alter or amend the "order confirming arbitration award" was filed,[7] and, therefore, HRAP Rule 4(a)(4) was not triggered. The circuit court's disposition of Ka-

---

6. It might be questioned whether, in this case, the order confirming the arbitration award is sufficiently detailed to qualify as a final judgment. The July 22, 1998 order is entitled "order confirming arbitration award" but the operative provision of the order simply grants the motion to confirm the arbitration award without incorporating the actual amounts to be awarded. Nevertheless, the statutory language in HRS § 658–14 plainly requires that the "order confirming an arbitration award" is the final judgment for purposes of appeal. The fact that, in this case, the order simply granted the motion to confirm the award, and it is therefore necessary to refer to other documents to determine the exact import of the order, does not defeat its significance under the statute. Therefore, the July 22, 1998 order is the final, appealable judgment in this case.

7. If the motion to alter or amend the judgment were to be considered a motion to alter or amend the order confirming the arbitration award, it would be untimely. HRCP Rule 59(e) provides that "[a] motion to alter or amend the judgment shall be served not later than 10 days after entry of the judgment." The August 14 motion to amend the judgment was served more than 10 days after the July 22 order confirming the arbitration award.

lawaia's motion is not part of the record on appeal. However, because "the filing of a notice of appeal divests the trial court of jurisdiction over the appealed case," *State v. Ontiveros*, 82 Hawai'i 446, 448, 923 P.2d 388, 390 (1996), and we have held that the notice of appeal was not nullified by the motion to alter or amend the judgment, the circuit court did not have jurisdiction to rule on Kalawaia's motion in any event. Because the order confirming the arbitration award is the final judgment, no substantive amendment to the order may be allowed after the ten day time period to alter or amend a judgment, pursuant to HRCP Rule 59(e), has expired.[8]

■ We recognize that the trial courts are accustomed to rendering a separate "judgment" pursuant to *Jenkins*. While a uniform rule regarding final judgments might be preferable, this court is bound by the plain language of the statute to enforce differential treatment of proceedings to confirm arbitration awards. Thus, where proceedings to confirm arbitration awards are concerned, to make an effective HRCP Rule 59 motion, a party must file his or her motion to alter or amend the "judgment" within ten days from the entry of the order confirming the arbitration award.

### B. The circuit court did not have the authority to award prejudgment interest in this proceeding.

HRS § 636–16 (1993) provides that:

In awarding interest in civil cases, the judge is authorized to designate the commencement date to conform with the circumstances of each case, provided that the earliest commencement date in cases arising in tort, may be the date when the injury first occurred and in cases arising from breach of contract, it may be the date when the breach first occurred.

This court has stated that:

Prejudgment interest, where appropriate, is awardable under HRS § 636–16 in the discretion of the court.... This court has recognized that the "purpose of the statute ... [is] to allow the court to designate the commencement date of interest in order to correct injustice when a judgment is delayed for a long period of time for any reason, including litigation delays."

*Schmidt v. Board of Directors of Ass'n of Apartment Owners of Marco Polo Apts.*, 73 Haw. 526, 533–34, 836 P.2d 479, 483–84 (1992) (brackets in original) (citations omitted).

"Prejudgment interest is an element of complete compensation." *West Virginia v. United States*, 479 U.S. 305, 310, 107 S.Ct. 702, 93 L.Ed.2d 639 (1987) (citation omitted). "Prejudgment interest serves to compensate for the loss of use of money due as damages from the time the claim accrues until judgment is entered, thereby achieving full compensation for the injury those damages are intended to redress." *Id.* at 310 n. 2, 107 S.Ct. 702 (citing Comment, *Prejudgment Interest: Survey and Suggestion*, 77 Nw. U.L.Rev. 192 (1982)).

AIG argues that prejudgment interest is not awardable under HRS § 636–16 because a private, contractual arbitration does not constitute a "civil case." Because the arbitration in this case was entered into prior to any circuit court action being filed, AIG claims that the special proceeding to confirm the arbitration award should not constitute a "civil case." We disagree.

■ HRCP Rule 2 provides that "[t]here shall be one form of action to be known as a 'civil action.'" The HRS do not draw a meaningful distinction between a "civil action" and a "civil case." *See, e.g.*, HRS § 52D–8 (1993).[9] Therefore, the special pro-

---

8. Where the motion to amend the judgment is only to correct a clerical mistake, HRCP Rule 60(a) would apply. This rule provides that:

Clerical mistakes in judgments, orders or other parts of the record and errors therein arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party and after such notice, if any, as the court orders. During the pendency of an appeal, such mistakes may be

so corrected before the appeal is docketed in the supreme court, and thereafter while the appeal is pending may be so corrected with leave of the supreme court.

9. This section provides that:

Whenever a police officer is prosecuted for a crime or sued in a *civil action* for acts done in the performance of the officer's duty ... the police officer shall be represented and defend-

ceeding in this case, instituted solely to confirm the arbitration award, nevertheless constitutes a "civil case" for the purpose of HRS § 636–16. *Accord Woods v. Farmers Ins. of Columbus, Inc.,* 106 Ohio App.3d 389, 666 N.E.2d 283 (1995) (reasoning that, because a statute provided that "the judgment entered [in a proceeding to confirm an arbitration award] shall have in all respects the same effect as, and be subject to all laws relating to, a judgment in an action ... as if rendered ... in the court in which it is entered," a proceeding to confirm an arbitration award should be considered a "civil action.").[10]

■ The circuit court, therefore, has the authority to award prejudgment interest attributable to delay in the proceedings. However, the circuit court's power to award interest in proceedings on motions to confirm arbitration awards is necessarily limited because of the court's statutorily circumscribed role in proceedings to confirm arbitration awards.

HRS § 658–8 (1993) provides that:

At any time within one year after the award is made and served, any party to the arbitration may apply to the circuit court specified in the agreement, or if none is specified, to the circuit court of the judicial circuit in which the arbitration was had, for an order confirming the award. *Thereupon the court shall grant such an order, unless the award is vacated, modified, or corrected, as prescribed in sections 658–9 and 658–10.*

(Emphasis added.)

HRS § 658–10 (1993) provides that:

In any of the following cases, the court may make an order modifying or correct-

ing the award, upon the application of any party to the arbitration:

(1) Where there was an evident miscalculation of figures, or an evident mistake in the description of any person, thing, or property, referred to in the award;

(2) Where the arbitrators have awarded upon a matter not submitted to them, unless it is a matter not affecting the merits of the decision upon the matters submitted;

(3) Where the award is imperfect in a matter of form, not affecting the merits of the controversy.

■ "Courts are authorized to ... modify or correct an award *only* on the three grounds specified in HRS § 658–10." *Arbitration of Board of Directors of the Association of Apartment Owners of Tropicana Manor,* 73 Haw. 201, 204, 830 P.2d 503, 507 (1992) (emphasis added) (footnote omitted). Insofar as (1) an award of prejudgment interest is an element of compensation, *West Virginia, supra,* and (2) the arbitration award is a determination by the arbitration panel of the amount of compensation due to the plaintiff, an order granting prejudgment interest commencing *before* the date of the award would equate to a modification of the award. Because the circuit court's review of an arbitration award is constrained by HRS Chapter 658, and the statute does not provide for the increase of an arbitration award by the addition of prejudgment interest, we hold that the circuit court does not have the authority to order the payment of interest commencing prior to the date of the arbitration award. If interest during the pendency of the arbitration is to be awarded, it should be sought during arbitration and awarded by the arbitrators and not the circuit court.[11]

---

ed: ... (2) In *civil cases* by the corporation counsel[.]
(Emphases added.)

10. This view is not universally accepted. *See, contra, Morgan v. Kamil,* 144 Mich.App. 171, 375 N.W.2d 378, 380 (1985), holding that, because "a civil action is commenced by filing a complaint with the court," an arbitration was not a civil action and therefore prejudgment interest could not be awarded pursuant to a statute allowing interest "only on money judgments recovered in civil actions." We disagree with the reasoning of

the *Morgan* court as inconsistent with the plain language of HRCP Rule 2.

11. We necessarily hold, therefore, that, where the entire dispute is submitted to arbitration and pre-award interest is not specifically excluded by contract, arbitrators have the authority to make an award of interest as part of the determination of the total amount of compensation to which the prevailing party is entitled. In other jurisdictions, although the operant statute grants the *court* the authority to make an award of interest, the case law has consistently held that the *arbi-*

■ Nevertheless, the circuit court has the authority to award interest commencing on the date of the arbitration award or later. Once the arbitration award is issued, confirmation of the award could be delayed by the adverse party. Delay in the confirmation of the judgment would be redressable through the award of interest. This will not increase the amount awarded by the arbitrators during the arbitration portion of the proceedings. As noted, however, it may be necessary to correct injustice caused by delay in the confirmation of the award. The award is not final and executable until confirmed by the circuit court. *See Tropicana Manor,* 73 Haw. at 206, 830 P.2d at 508 (stating that "no award can be considered final, despite the intentions of the parties, until court confirmation of the award has been obtained."). Therefore, the circuit court is allowed to award prejudgment interest, as long as that award does not modify the amount of compensation that the arbitrators have determined is sufficient to compensate the plaintiff for his or her injuries from the date of the compensable incident through the date of the arbitration award.

Our holding herein is consistent with that of many of our sister states to consider the issue. In *Mausbach v. Lemke,* 110 Nev. 37, 866 P.2d 1146, 1149–50 (1994), the Supreme Court of Nevada held that "[t]he circumstances under which a district court may modify or correct an award are statutorily limited. Since an order awarding prejudgment interest is not among the statutory bases for modifying an award, the inclusion of such interest constitutes an impermissible modification of the arbitrator's award." (Ci-

tations omitted.) [12] In reaching the same conclusion, the Supreme Court of Alaska noted that

we consider persuasive the point that permitting a reviewing court to add pre-award interest to an arbitration award would be inconsistent with the policy of allowing the arbitrator to determine all arbitrable aspects of a dispute. Failure to place the onus on an arbitrator to determine whether prejudgment interest is appropriate may needlessly put a reviewing court in the position of having to delve into the merits of a dispute. For example, in order to determine the appropriate start date for prejudgment interest, a court reviewing the decision of an arbitrator would have to determine the date of the breach of injury on which the award was based.

*Ebasco Constructors, Inc. v. Ahtna, Inc.,* 932 P.2d 1312, 1317–18 (Alaska 1997). *Accord Holloway Construction Company v. Oakland County Board of County Road Commissioners,* 450 Mich. 608, 543 N.W.2d 923, 927 (1996) ("[B]ecause preaward damage claims are considered to have been submitted to arbitration, their silence on the interest claim is deemed to be a decision not to award interest."); *Creative Builders v. Avenue Devs., Inc.,* 148 Ariz. 452, 715 P.2d 308, 312 (Ariz.Ct.App.1986) (any claim for pre-award interest "must be deemed to have merged in the arbitration award".).

The case relied upon by the circuit court, *Gadd v. Kelley,* 66 Haw. 431, 667 P.2d 251 (1983), held that the prevailing party in an arbitration proceeding was entitled to pre-

*trator* has authority to award interest as part of the arbitration award. *See, e.g., Paola v. Commercial Union Assurance Companies,* 461 A.2d 935 (R.I.1983); *Ebasco Constructors v. Ahtna, Inc.,* 932 P.2d 1312 (Alaska 1997). This is sensible because the award of interest is an element of compensation, and the entire dispute has been submitted to arbitration to determine the amount of compensation due to the injured party.

**12.** The *Mausbach* court noted that its holding was consistent with other jurisdictions to consider the issue.

The weight of authority supports Lemke's position that the addition of prejudgment interest upon confirmation of an arbitration award constitutes an impermissible modification of

the award. *See, e.g., Creative Builders v. Avenue Devs.,* 148 Ariz. 452, 715 P.2d 308 (Ariz.Ct. App.1986); *McDaniel v. Berhalter,* 405 So.2d 1027, 1030 (Fla.Dist.Ct.App.1981) (trial court not authorized to add interest to arbitrator's award for period predating award where award stated it was in full settlement of all claims); *Westmark Properties, Inc. v. McGuire,* 53 Wash.App. 400, 766 P.2d 1146, 1148 (1989) (trial court erred in adding prejudgment interest to arbitrator's award as it was foreclosed from going behind face of award for determining whether test for prejudgment interest had been met); *Leach v. O'Neill,* 132 N.H. 665, 568 A.2d 1189 (1990).

*Id.* at 1148 (some parentheticals omitted).

judgment interest for unpaid rents. However, *Gadd* is distinguishable from the situation presented here. In *Gadd*, the lease agreement provided that, if the lessor and lessee were unable to agree on a rental amount, the dispute would be submitted to arbitration. The arbitration panel determined that the annual rent for the parcel would be $720,000 per annum. In confirming the award, the circuit court awarded pre-and post-judgment interest on the unpaid rental amounts.

In *Gadd*, the sole issue submitted to arbitration was the amount of annual rent under the lease. The arbitration did *not* determine the total amount of compensation due to the petitioner. Therefore, the addition of interest did not materially affect the issue submitted to arbitration or modify the arbitrator's award.[13]

*Gadd* is distinguishable, therefore, in that the entire dispute was not submitted to arbitration. *See Schlobohm v. Pepperidge Farm, Inc.*, 806 F.2d 578, 584 n. 10 (5th Cir.1986) ("This is not a case in which the parties have submitted their entire dispute to arbitration, thus arguably preventing a district court from modifying the award by adding pre-award interest."). Therefore, although the circuit court read *Gadd* as having "broad language in it which the Court believes would allow it to award prejudgment interest in arbitration situations," *Gadd* is not dispositive and does not allow an award of prejudgment interest in the instant case.

Because Kalawaia sought prejudgment interest in this case for delays occurring *prior* to the arbitration award,[14] and the circuit court does not have authority to make such an award, the request was properly denied. Therefore, we affirm the circuit court, but on different grounds than were explicated by the court for its ruling.

## IV. CONCLUSION

For the foregoing reasons, we affirm the circuit court's order confirming the arbitration award and denying Kalawaia's request for prejudgment interest.

---

**13.** The *Gadd* court additionally based its decision on the fact that the lessor was statutorily entitled to interest under HRS § 478–1 (1976), which stated that "interest shall be allowed ... for money due on any ... instrument of writing ... after it becomes due." Because the lease was a writing, and the rental payments were due on a fixed date, the lessor was entitled to a mandatory award of interest. Insofar as the arbitrator's lack of reliance upon the statute would amount to a mistake of law, which is not specifically enumerated as a ground for vacating or modifying the arbitration award, we do not render an opinion as to whether this would be a proper basis on its own for modifying an award if the entire dispute had been presented to the arbitrators.

**14.** Kalawaia does not claim that there was any post-award delay that would entitle him to interest.