990 P.2d 104

**Jerry Wayne DILSAVER,**
**Plaintiff–Appellee,**

v.

**ASSOCIATION OF APARTMENT OWNERS OF KONA COFFEE VILLAS, Defendant–Appellant.**

No. 21894.

Intermediate Court of Appeals of Hawai'i.

Nov. 9, 1999.

Robert D. Triantos and Edmund W.K. Haitsuka (Carlsmith, Ball) on the briefs, Kailua Kona, for Defendant–Appellant.

Corey Y.S. Park and Robyn B. Chun (Paul, Johnson, Park & Niles) on the briefs, Honolulu, for Plaintiff–Appellee.

BURNS, C.J., WATANABE and ACOBA, JJ.

Opinion of the Court by BURNS, C.J.

Defendant–Appellant Association of Apartment Owners of Kona Coffee Villas (the AOAO) appeals the circuit court's August 19, 1998 Final Judgment on All Claims in Favor

of Applicant Jerry Wayne Dilsaver and Against Respondent Association of Apartment Owners of Kona Coffee Villas. We dismiss this appeal for lack of appellate jurisdiction.

In this case, the circuit court entered two relevant orders as follows: (1) on July 29, 1998, it filed its "Order Granting Plaintiff Jerry Wayne Dilsaver's Motion to Confirm Arbitration Award filed June 25, 1998" (July 29, 1998 Order); and (2) on August 19, 1998, it filed its "Final Judgment On All Claims in Favor of Applicant Jerry Wayne Dilsaver and Against Respondent Association of Apartment Owners of Kona Coffee Villas." The AOAO filed a notice of appeal on September 9, 1998. We conclude that the July 29, 1998 Order was the final and appealable order, the circuit court did not have jurisdiction to enter the August 19, 1998 final judgment, the September 9, 1998 notice of appeal of the July 29, 1998 final and appealable order was untimely filed, and we do not have appellate jurisdiction.

## BACKGROUND

Plaintiff–Appellee Jerry Wayne Dilsaver (Dilsaver) is the owner of an apartment in the Kona Coffee Villas condominium. As noted in the opening brief, "[t]his case involve[s] the determination of whether [the AOAO] properly maintained the sewage drainage system." On October 21, 1997, pursuant to a provision in the Restated Declaration of Condominium Property Regime of Kona Coffee Villas (Restated Declaration) requiring arbitration "at the request of any party," Dilsaver filed a demand for arbitration.

The arbitration hearing "lasted approximately 2 days[.]" The June 3, 1998 Arbitrator's Findings of Fact, Conclusions of Law and Award state in relevant part as follows:

### I. *FINDINGS OF FACT*

1. Kona Coffee Villas ("KCV") is a condominium project consisting of 176 units in Kailua–Kona, Hawaii [Hawai'i]. Respondent is the Association of Apartment Owners in the KCV ("AOAO").

2. [Dilsaver] purchased unit G–158 in KCV in June 1995. He refurbished it completely, replacing the appliances, installing new carpeting, painting the unit, and the like.

3. On about September 1995, [Tenant] moved into the unit.

4. In about September 1995, [Tenant] discovered several inches of raw sewage in her two bathtubs and a flooded bathroom floor. She called the maintenance workers, who "snaked" the sewage drain pipe fronting her unit. The raw sewage receded, and she cleaned her bathroom.

5. Over the next year and a half, sewage backups occurred on about six to eight additional occasions....

6. In about early 1997, [Tenant] decided to move because she could no longer deal with the backups, as well as the odors from the sewage treatment plant....

7. The backup problems also occurred in the unit adjoining....

. . . .

17. [Dilsaver] then hired [Expert 1] to inspect the plumbing problem.... [Expert 1] testified that it was his opinion that there was a design problem with the system in that the angle at which the sewer line entered the basket leading to the treatment plant was not steep enough.... According to the AOAO's subsequently obtained estimates, [Expert 1's] proposal would cost only between $2,500 and $4,000 for the basic pipe work.

. . . .

19. [Dilsaver] then hired another expert, [Expert 2]....

. . . .

21. [Expert 2] further testified that ... the [Expert 1] proposal would address all of his concerns with the design defects.

. . . .

24. The AOAO's attempt to cure the sewage backup problem in unit G–158 is ill[-]advised, ineffective, and most probably in violation of applicable codes.

### II. *CONCLUSIONS OF LAW*

1. The Declaration of the KCV states, in part:

[T]he Association shall:

. . . .

(b) Keep all common elements of the Project in a strictly clean and sanitary condition, and observe and perform all laws, ordinances, rules and regulations. . . .

(c) Well and substantially repair, maintain, amend and keep all common elements of the Project . . . and repair and make good all defects in the common elements of the Project herein required to be repaired by the Association. . . .

. . . .

2. The sewage drain system which is of question in this matter is a common element within the meaning of the Declaration.

. . . .

4. The AOAO has breached its duties under the Declaration to keep the sewage drain system in good repair and free of defects by its failure promptly to take reasonable steps to permanently address the backup problem. . . .

Based upon the foregoing . . . it is hereby ordered as follows:

A. The AOAO shall forthwith conduct the repairs to the sewage drainage system substantially as outlined by [Expert 1]. . . .

B. The AOAO shall forthwith implement a plan of maintenance of the sewage drainage systems. . . .

### AWARD

[Dilsaver] is awarded his damages as follows:

| | |
|---|---|
| Lost rent and associated costs: | $ 5,061.39 |
| Experts/plumber/associated costs: | 3,334.21 |
| American Arbitration Association Fees: | 1,139.35 |
| Attorneys' fees and costs: | $26,420.40 |
| **TOTAL AWARD** | **$35,955.35** |

The AOAO is denied their request for attorneys' fees and costs and the AOAO shall bear all American Arbitration Association fees and Arbitrator's compensation in this matter.

On June 25, 1998, pursuant to Hawai'i Revised Statutes (HRS) § 658–8 (1993), Dilsaver filed Applicant Jerry Dilsaver's Motion to Confirm Arbitration Award. The operative words of the circuit court's July 29, 1998 Order are, "IT IS HEREBY ORDERED ADJUDGED AND DECREED: The motion is **granted**." (Emphasis in original.)

The operative words of the circuit court's August 19, 1998 final judgment state in relevant part as follows:

final judgment on all claims is hereby entered in favor of . . . Dilsaver and against [the AOAO] as follows:

A. The AOAO shall forthwith conduct the repairs to the sewage drainage system. . . .

B. The AOAO shall forthwith implement a plan of maintenance of the sewage drainage systems. . . .

C. . . . Dilsaver is awarded damages in the total amount of $36,230.35 [$35,955.35 plus $275 arbitration costs].

The AOAO filed a notice of appeal on September 9, 1998.

### DISCUSSION

Dilsaver contends that we lack appellate jurisdiction because the July 29, 1998 Order was the final and appealable order and the AOAO's September 9, 1998 notice of appeal was not filed "within 30 days after the date of the entry of the judgment or order appealed from" as required by Hawai'i Rules of Appellate Procedure Rule 4(a)(1). On the basis of Hawai'i Supreme Court precedent, we agree.

HRS § 658–12 (1993) states in relevant part that "[u]pon the granting of an order confirming . . . an [arbitration] award, the same shall be filed in the office of the clerk of circuit court and this shall constitute the entry of judgment. In express language, HRS § 658–12 requires that to be a "judgment," the order must be "an order confirming" the arbitration award.

In the instant case, both the title and the body of the July 29, 1998 Order expressly granted the motion to confirm the arbitration award but neither expressly confirmed the arbitration award or ordered the performance of the arbitration award. The question is whether such an order is "an order confirming . . . an [arbitration] award[.]" Based on Hawai'i Supreme Court precedent, the answer is yes.

If this was a nonarbitration civil case, the July 29, 1998 Order would not be the final and appealable order because, in nonarbitration civil cases, an order merely granting the motion is not the final judgment for purposes of appeal. *Cf. M.F. Williams, Inc. v. City and County of Honolulu*, 3 Haw.App. 319, 322–24, 650 P.2d 599, 603 (1982) (an order simply granting a motion for summary judgment is not an order of summary judgment); *Jenkins v. Cades Schutte Fleming & Wright*, 76 Hawai'i 115, 117–18, 869 P.2d 1334, 1336–37 (1994) (an order simply granting a motion to dismiss a complaint is not an order dismissing the complaint).

But there are relevant differences between nonarbitration civil cases and arbitration cases. For example, "[i]n arbitration cases, the requirement of the last sentence of Hawai'i Rules of Civil Procedure (HRCP) Rule 58 that '[e]very judgment shall be set forth on a separate document' is superseded by HRS §§ 658–12 and –15 (1993)[.]" *Baldonado v. Liberty Mut. Ins. Co.*, 81 Hawai'i 403, 407, 917 P.2d 730, 734 (App.1996).

Similarly, in *Oppenheimer v. AIG Hawaii Ins. Co.*, 77 Hawai'i 88, 881 P.2d 1234 (1994), the court's order "granting AIG's motion to confirm[,]" *Id.* at 90, 881 P.2d at 1235, initially stated that the motion to confirm the arbitration award "is granted" and subsequently stated that "the defendant [is] responsible to pay plaintiff $62,148.53 in uninsured motorist benefits." *Id.* at 90, 881 P.2d at 1236. The Hawai'i Supreme Court concluded that this order was an order confirming an arbitration award.

A case exactly on point is *Kalawaia v. AIG Hawaii Ins. Co.*, 90 Hawai'i 167, 977 P.2d 175 (1999).[1] In *Kalawaia*, the July 22, 1998 order was entitled, "Order Granting In Part and Denying In Part Claimant Clayton Kalawaia's Motion to Confirm Arbitration Award and For Prejudgment Interest[.]" *Id.* at 170, 977 P.2d at 178. The operative words of the body of the order stated, "IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Claimant's motion to confirm arbitration award is granted and Claim-

ant's motion for prejudgment interest is denied." *Id.* In other words, the July 22, 1998 order did no more than grant in part and deny in part claimant's motion to confirm the arbitration award. The Hawai'i Supreme Court concluded that the July 22, 1998 order was an order confirming an arbitration award.

In Dilsaver's case, it follows from the *Kalawaia v. AIG Hawaii Ins. Co.* case that the July 29, 1998 Order was the final and appealable order, the circuit court did not have jurisdiction to enter the August 19, 1998 final judgment, and the September 9, 1998 notice of appeal was untimely.

## CONCLUSION

Accordingly, we dismiss this appeal for lack of appellate jurisdiction.

---

1. The Hawai'i Supreme Court's opinion in *Kalawaia v. AIG Hawaii Ins. Co.*, 90 Hawai'i 167, 977 P.2d 175 (1999), was filed on May 20, 1999, long after the relevant events occurred in the instant case.