**Dr. Stuart BROWN and Isabel Brown, Plaintiffs,**

**v.**

**HYATT CORPORATION, dba Hyatt Hotels Hawaii, Defendant.**

**No. CIV. 98–00964ACK.**

United States District Court, D. Hawaiʻi.

Dec. 14, 2000.

Laura Stone–Jeraj, Law Offices of Richard Turbin, Honolulu, HI, for Stuart Brown, Dr., Isabel Brown, plaintiffs.

Ryan M. Akamine, Roeca Louie & Hiraoka, Honolulu, HI, for Hyatt Corporation dba Hyatt Hotels Hawaii, Doe Entities 1–9, defendants.

### ORDER DENYING PLAINTIFFS' MOTION TO MODIFY ARBITRATION AWARD AND TO AWARD PRE- AND POST–JUDGMENT INTEREST AND COSTS

KAY, District Judge.

### BACKGROUND

This case arises from a slip and fall on December 19, 1996. In the instant motion, Plaintiffs seek to modify an arbitration

award. They also ask the Court to award pre- and post-judgment interest.

Dr. Stuart Brown was injured when he slipped and fell ascending a flight of wooden stairs leading from the pool area to the top of a water slide at the Hyatt Regency Kaua'i. Dr. Brown and his wife, Isabel Brown, (collectively "Plaintiffs") sued Hyatt Corporation, dba Hyatt Hotels Hawaii ("Defendant"), alleging negligence and loss of consortium. The complaint sought special damages, general damages, attorneys' fees, prejudgment interest, costs, and any other allowable damages.

The case was scheduled to go to trial before this Court on March 2, 2000. On February 28, 2000, the parties stipulated to a stay of trial pending completion of binding arbitration. *See* Mot., Ex. B. The extent of the written contract governing their arbitration was a March 14, 2000 letter from Defendant's claims representative to Plaintiffs' counsel stating:

> This letter will serve to confirm our mutual agreement to have *the [Brown v. Hyatt ] action* resolved by Binding Arbitration. It was agreed that the arbitration will have parameters of $25,000–$150,000, and that prior to the arbitration, we will have the opportunity to have your client examined by a doctor of our choosing, should we so desire. Lastly, you will provide us with the information necessary to subpoena the records relating to your client's disability insurance claim.

Mot., Ex. D (emphasis added). The instant dispute concerns what matters were agreed to be in the scope of arbitration. Specifically, Plaintiffs contend that the parties agreed to arbitrate *only* liability and damages (leaving costs, attorneys' fees, and pre- and post-judgment interest to the Court), while Defendant argues that the parties agreed to resolve *all* issues through arbitration.

A panel of three arbitrators heard the case in August and September of 2000. On September 28, 2000, the arbitrators found liability in favor of Plaintiffs and served a copy of the arbitration award. Plaintiff was awarded special damages in the amount of $10,132.76, general damages in the amount of $75,000.00, and loss of consortium damages in the amount of $7,500.00. *See* Mot., Ex. A. The arbitration award also included the line, "Costs to the Prevailing Party." The entry reads, "$–0–." *See id.*

Plaintiffs filed the instant motion to modify arbitration award and award pre- and post-judgment interest and costs on November 6, 2000. Defendant filed its opposition on November 22, 2000.[1] Plaintiffs filed their reply on November 30, 2000. The matter came before the Court for a hearing on December 11, 2000.

## DISCUSSION

### I. TIMELINESS OF THE MOTION TO MODIFY ARBITRATION AWARD

█ The parties agree that Hawaii law governs the substantive question of whether the arbitration award may or should be modified—both parties cite only Hawaii law on the topic.[2] However, before the Court turns to the substantive question, it must decide whether Plaintiffs' motion is timely.

The arbitration award was issued on September 28, 2000. Plaintiffs filed the instant motion thirty-nine (39) days later on November 6, 2000. Defendant argues that the motion is not timely under H.R.S. § 658–11, which states, in relevant part:

> Notice of a motion to vacate, modify, or correct an award, shall be served ... upon the adverse party or the adverse

---

1. The Court notes that Defendant's memorandum in opposition was unsigned. *See* Fed. R.Civ.P. 11(a).

2. The heading of the award reads: "This matter having been arbitrated in accordance with Chapter 658 of the Hawaii Revised Statutes." *See* Mot., Ex. A. Chapter 658 is Hawaii's arbitration act.

party's attorney within *ten days* after the award is made and served.

H.R.S. § 658–11 (emphasis added). Conversely, Plaintiffs argue that the applicable deadline is found in the Federal Arbitration Act ("FAA"), 9 U.S.C. § 12. *See* Reply, at 2 ("In this diversity lawsuit, Hawaii law governs the substantive aspects, federal law governs the procedural."). The FAA states in relevant part:

> Notice of a motion to vacate, modify, or correct an award must be served upon the adverse party or his attorney within *three months* after the award is filed or delivered.

9 U.S.C. § 12 (emphasis added). The timeliness of Plaintiffs' motion hinges on which statute governs.

■ The Court disagrees with Plaintiffs' argument and finds that Hawaii arbitration law applies, including the filing deadline in § 685–11. Plaintiffs' error is that they argue as if the FAA applies to all actions in federal court in the same way, for example, as do the Federal Rules of Evidence or Civil Procedure. It does not. While the FAA applies to a broad scope of cases in federal courts, it does not apply to all. The FAA applies only to written arbitration provisions in "contract[s] evidencing a transaction involving commerce" and "maritime transactions." *See* 9 U.S.C. § 2. The basic purpose of the FAA is to overcome courts' refusals to enforce agreements to arbitrate. *See Allied–Bruce Terminix Companies, Inc. v. Dobson,* 513 U.S. 265, 270, 115 S.Ct. 834, 130 L.Ed.2d 753 (1995). *"If* the [FAA] is applicable, federal law governs the enforcement of and challenges to an arbitration award, even in diversity cases . . . ." *Foster v. Turley,* 808 F.2d 38, 40 (10th Cir.1986) (emphasis added). Section 2 provides that a "written provision in any *maritime transaction* or *contract evidencing a transaction involving commerce* to settle by arbitration a controversy thereafter arising out of such contract or transaction . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at

law or in equity for the revocation of any contract." *Id.,* 513 U.S. at 272, 115 S.Ct. 834 (emphasis added); *see also Portland Gen. Elec. Co. v. U.S. Bank Trust Nat'l Ass'n,* 218 F.3d 1085, 1089 (9th Cir.2000) ("The FAA governs any written provision in a 'contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract.' "); *Prasad v. Investors Assocs., Inc.,* 82 F.Supp.2d 365, 367 (D.N.J.2000) ("The FAA applies to arbitrations involving interstate commerce—such as the securities transactions involved here.").

■ Conversely, when contracts are held to not involve a maritime transaction or interstate commerce, they do not fall within the ambit of the FAA. *See, e.g., Bernhardt v. Polygraphic Co. of America,* 350 U.S. 198, 200–02, 76 S.Ct. 273, 100 L.Ed. 199 (1956) (employment contract where there was no showing that person was working "in" commerce, was producing goods for commerce, or was engaging in activity that affected commerce could not have its arbitration clause enforced under the FAA's predecessor, the United States Arbitration Act). Moreover, some contracts are specifically written out of the FAA's purview. *See, e.g., Herring v. Delta Air Lines, Inc.,* 894 F.2d 1020, 1023 (9th Cir.1989) (airline pilots' claim that airline was required to arbitrate seniority dispute under FAA was erroneous because, *inter alia,* the statute specifically excludes from coverage "contracts of employment"); *see also* 9 U.S.C. § 1 (defining "marine transactions" and "commerce" and setting forth exceptions).

■ The Court finds that the FAA is inapplicable to the instant case. Plaintiffs assert a tort claim that involves neither a "maritime transaction" nor "a contract evidencing a transaction involving commerce." Instead, it involves an unfortunate injury to a man who slipped and fell on Defendant's premises. Moreover, the FAA is concerned with enforcing arbitration agreements that are written into con-

tracts before a dispute arises, not with regulating agreements to go to arbitration that are made after a dispute is alive. *See Allied–Bruce,* 513 U.S. at 272, 115 S.Ct. 834 (the FAA holds valid, irrevocable, and enforceable "written provision[s] ... to settle by arbitration *a controversy thereafter arising* out of such contract or transaction") (emphasis added). Accordingly, the Court finds that the FAA does not govern the instant case.

Because the FAA does not apply, the Court applies Hawaii's arbitration statute. A motion to modify an arbitration award must be filed within ten days of the award. *See* H.R.S. § 658–11. The statute "expressly mandates that notice of a motion to vacate, modify, or correct an award shall be served within ten days after the arbitration award is entered and served." *Sousaris v. Miller,* 92 Hawai'i 505, 993 P.2d 539, 548 (2000). The *Sousaris* court strictly adhered to the mandate in § 658–11 when it held that § 658–11 would not permit a motion for reconsideration of a motion to vacate to be filed which added new, previously unavailable facts if the ten day period had expired. *See id* at 547–48. The court emphasized the need to be true to "the underlying policy of encouraging arbitration as an efficient means of reaching finality in resolving disputes." *Id.* Other Hawaii courts have been equally adamant about the need to be strict with the deadline in § 658–11. *See, e.g., Excelsior Lodge Number One v. Eyecor, Ltd.,* 74 Haw. 210, 847 P.2d 652, 657–58 (1992). The ten day deadline starts running when the arbitration award is made and served. *See* H.R.S. § 658–11. Applying this deadline to the instant case, the Court finds that Plaintiffs' motion is untimely.

■ Plaintiffs' claim that the ten day period has not yet started to run because the arbitration award does not conform to the requirements of H.R.S. § 658–8 is meritless. According to the statute, in relevant part,

> The award shall be in writing and acknowledged or proved in like manner as a deed for the conveyance of real estate, and delivered to one of the parties or the party's attorney. A copy of the award shall be served by the arbitrators on each of the other parties to the arbitration, personally or by registered or certified mail.

H.R.S. § 658–8. Ryan Akamine, Defendant's counsel, stated in the declaration he attached to the opposition that he received the arbitration award on September 28, 2000, its date of issuance. Moreover, Richard Turbin, Plaintiffs' counsel, attached a copy of the arbitration agreement (dated September 28, 2000) and in his declaration wrote, "Attached hereto as Exhibit 'A' is a true and correct copy of the arbitration award." The award is signed by all three arbitrators and, unlike the *Brennan v. Stewarts' Pharmacies, Ltd.* case, there does not appear to have been any confusion or impropriety about when the award was issued. *See Brennan v. Stewarts' Pharmacies, Ltd.,* 59 Haw. 207, 579 P.2d 673, 679–681 (1978). It is true that the signatures are not notarized. Yet, even in *Brennan* the Supreme Court of Hawaii downplayed the requirement of an acknowledgment. The *Brennan* court stated that "the issue ... is not whether formal acknowledgments are necessary or not," but instead is, "whether the arbitrators had concluded their consideration of the issue submitted to them and reached a resolve by the memorandum of award." *Id.* at 681. There is no serious contention that the arbitrators have not concluded their consideration of the issues. The Court finds that the award of September 28, 2000 was sufficient under *Brennan.*

For the foregoing reasons, the Court finds that the time to file a motion to modify the arbitration award expired before Plaintiffs filed their motion. Because Plaintiffs' motion to vacate was untimely filed, it is DENIED. Accordingly, the Court does not look to the merits of Plaintiffs' arguments on modifying the award of costs and the award of zero costs stands.

## II. MOTION FOR CLARIFICATION

Plaintiffs ask in their reply brief that the Court view their November 6, 2000 motion as a motion for "clarification." *See* Reply, at 9. They argue that the arbitration award is ambiguous in that it is not clear whether the entry of "$-0-" means that the arbitrators intended to award zero dollars for costs or rather reflected the arbitrators' intent not to consider the issue of costs whatsoever.

■ The ten day time limit in H.R.S. § 658-11 applies "when a party wishe[s] to change the substance or the amount of an award, but not when a party merely ask[s] for clarification of an ambiguous award." *Excelsior Lodge*, 847 P.2d at 658; *see also Gozum v. American Int'l Adjustment Co.*, 72 Haw. 41, 805 P.2d 445, 446 (1991) (clarification requests do not fit within the literal definition of vacating, modifying, or correcting an award and therefore, the ten day time limit of § 658-11 does not apply).

■ The Court doubts that there is any ambiguity in the award—it is hard to imagine the arbitrators writing "$-0-" as shorthand for "not applicable," "not considered," "not determined," or some such holding. Regardless, the Court does not rule on whether Plaintiffs' motion can be construed as a motion for clarification. Plaintiffs did not raise this argument in their motion and new arguments in a reply brief are disregarded. Defendant has not had an opportunity to respond. *See* L.R. 7.4.

## III. PRE- AND POST-JUDGMENT INTEREST

In addition to asking that the arbitration award be modified, Plaintiffs also asked the Court to award them pre- and post-judgment interest.

### A. Prejudgment Interest

■ The instant dispute is before the Court in diversity. "In a diversity action, state law controls the award or denial of prejudgment interest." *Safeway*

*Stores, Inc. v. National Union Fire Ins. Co.*, 64 F.3d 1282, 1291 (9th Cir.1995). Prejudgment interest is generally available in Hawaii.

> In awarding interest in civil cases, the judge is authorized to designate the commencement date to conform with the circumstances of each case, provided that the earliest commencement date in cases arising in tort, may be the date when the injury first occurred and in cases arising by breach of contract, it may be the date when the breach first occurred.

H.R.S. § 636-16. However, "where the entire dispute has been submitted to arbitration, the circuit court is not authorized to increase the arbitration award by ordering the payment of interest commencing prior to the date of the arbitration award." *Kalawaia v. AIG Hawaii Ins. Co.*, 90 Hawai'i 167, 977 P.2d 175, 176 (1999). Thus, "where the entire dispute has been submitted to arbitration and pre-award interest is not specifically excluded by contract, arbitrators have the authority to make an award of interest as part of the determination of the total amount of compensation to which the prevailing party is entitled." *Id.* at 181 n. 11. The corollary to this holding is that if the entire dispute is not submitted to arbitration, the court may award pre-judgment interest. *See id.* at 183; *Gadd v. Kelley*, 66 Haw. 431, 667 P.2d 251, 254–55, 260 (1983).

In *Kalawaia*, an insurance company and its insured arbitrated their dispute pursuant to the insurance contract. The contract stated that the arbitration would be binding as to "1. Whether the covered person is legally entitled to recover damages; and 2. The amount of damages." *Kalawaia*, 977 P.2d at 177. The agreement did not explicitly say that prejudgment interest would be determined by the arbitrators. The insured moved to confirm the arbitration award and for an award of prejudgment interest. *See id.* The Hawaii Supreme Court held that the trial court lacked the authority to make an

award of prejudgment interest. The court reasoned:

> Insofar as (1) an award of prejudgment interest is an element of compensation, and (2) the arbitration award is a determination by the arbitration panel of the amount of compensation due to the plaintiff, *an order granting prejudgment interest commencing before the date of the award would equate to a modification of the award.*

*Id.* at 181 (citations omitted and emphasis added). Under Hawaii law, "[c]ourts are authorized to ... modify or correct an award only on the three grounds specified in H.R.S. § 658–10." *Id.* Addition of prejudgment interest is not one of the three permissible grounds found in H.R.S. § 658–10 and it is therefore outside of a court's authority to award prejudgment interest. *See id.* ("the circuit court's review of an arbitration award is constrained by HRS Chapter 658, and the statute does not provide for the increase of an arbitration award by the addition of prejudgment interest"). Finally, the court noted that its holding "is consistent with that of many of our sister states to consider the issue." *Id.* at 182 (citing cases). Accordingly, because in *Kalawaia* the entire dispute has been submitted to arbitration, the court held that the trial court was not authorized to increase the arbitration award by ordering the payment of prejudgment interest. *Id.* at 181–82.

The question in the instant case is whether the entire dispute was submitted to arbitration. The Court finds that it was. The arbitration agreement between Plaintiffs and Defendant was very brief, but nevertheless did state that there was a "mutual agreement to have the [*Brown v. Hyatt* ] *action* resolved by Binding Arbitration." *See* Mot., Ex. D (emphasis added). "The action" is an all-encompassing phrase. Moreover, the failure to explicitly state that the arbitrator should determine whether to award prejudgment interest does not mean that the entire dispute was not submitted to arbitration. The arbitration agreement in *Kalawaia* did not explicitly say that prejudgment interest would be determined, but instead, only stated that the arbitration would be binding as to liability and "damages." The *Kalawaia* court nevertheless held that the entire dispute had been submitted to arbitration. Compare, however, *Gadd,* wherein a court's award of prejudgment interest after an arbitration award was approved. *See Gadd,* 667 P.2d at 260. In *Gadd,* the entire dispute between the parties had not been submitted to arbitration—only the limited issue of what the rental amount should be for a piece of property. The arbitration did not determine the complainant's total compensation and therefore, the arbitration award was not being "modified" by the award of prejudgment interest. The instant case is analogous to *Kalawaia*—the entire case was submitted to arbitration.[3] *See Kalawaia,* 977 P.2d at 183. Accordingly, this Court lacks the authority to make an award of prejudgment interest. Plaintiffs' motion for prejudgment interest is DENIED.

## B. Post–Judgment Interest

Plaintiffs' motion requested an award of post-judgment interest. At the hearing on the motion, Plaintiffs admitted that Defendant had tendered a check in a timely manner and withdrew their request. Accordingly, the motion for post-judgment interest is MOOT and is DENIED.

---

**3.** The Court does not find it significant that the arbitration award itself in the instant case was silent as to prejudgment interest. The *Kalawaia* court cited with approval a Michigan case which made clear that the arbitrators need not discuss prejudgment interest or explain why they are not making an award distinct from the other damages. *See Kalawaia,* 977 P.2d at 182 (citing *Holloway Constr. Co. v. Board of County Road Commissioners of County of Oakland,* 450 Mich. 608, 543 N.W.2d 923 (1996) ("[B]ecause preaward damage claims are considered to have been submitted to arbitration, their silence on the interest claim is deemed to be a decision not to award interest.")).

## CONCLUSION

For the foregoing reasons, Plaintiffs' Motion to Modify Arbitration Award and to Award Pre- and Post-judgment Interest and Costs is DENIED.

IT IS SO ORDERED.