**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARYANN SIVONGXAY,

              Plaintiff-Appellant,

v.

MEDCAH, INC.,

              Defendant-Appellee.

No.   17-17400

D.C. No.
1:16-cv-00415-DKW-KSC

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Hawaii
Derrick Kahala Watson, District Judge, Presiding

Argued and Submitted February 11, 2019
Honolulu, Hawaii

Before:  TALLMAN, BYBEE, and N.R. SMITH, Circuit Judges.

Maryann Sivongxay brought suit against collection agency, Medcah, Inc.,

alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15

U.S.C. §§ 1692e and 1692f, and Hawaii's Unfair or Deceptive Acts and Practices

---

     [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Act ("UDAPA"), Haw. Rev. Stat. §§ 443B-18 and 443B-19. The district court granted summary judgment to Medcah on all of Sivongxay's claims. We affirm.

1.     The district court did not err in granting summary judgment to Medcah on Sivongxay's interest collection claims. For a debt collector to collect interest, the amount collected must be "expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. § 1692f(1); *see also* Haw. Rev. Stat. § 443B-19(4). Under Hawaii law, "[w]hen there is no express written contract fixing a different rate of interest, interest shall be allowed at the rate of ten per cent a year . . . ." Haw. Rev. Stat. § 478-2.

Medcah imposed ten percent interest on all of Sivongxay's debts. Four of Sivongxay's creditors had agreements that expressly authorized the collection of interest on past due accounts, but the agreements either did not provide an interest rate or provided one above Hawaii's statutory rate. These underlying agreements entitled Medcah to collect interest, and section 478-2 provided the statutory interest rate. The fifth creditor's agreement was silent with respect to interest, but Medcah was entitled to the collection of interest at a rate of ten percent per year by section 478-2. *See Kalawaia v. AIG Hawai'i Ins. Co.*, 977 P.2d 175, 183 n.13 (Haw. 1999) (recognizing that lessor was "statutorily entitled to interest" under what is now Haw. Rev. Stat. § 478-2); *see also Diaz v. Kubler Corp.*, 785 F.3d

2

1326, 1330 (9th Cir. 2015) (stating that a debt collector need not be "entitled *by judgment* to a type of relief in order for that relief to be 'permitted by law' within the meaning of 15 U.S.C. § 1692f(1)"). Because Medcah's collection of interest was authorized by the underlying agreements or permitted by law, the collection of interest was not a violation of the FDCPA or UDAPA.

2.     The district court did not err in granting summary judgment to Medcah on Sivongxay's claims that Medcah engaged in false or deceptive debt collection practices by attempting to collect interest on Sivongxay's debts but reporting only the principal amounts owed to consumer reporting agency Experian. Sivongxay concedes that Medcah accurately reported the principal balances owed to Experian. Sivongxay has provided no precedent requiring Medcah to report both principal and interest to Experian, nor has she alleged that Medcah improperly represented the reported amount due as consisting of both principal and interest. Additionally, Sivongxay has provided no support for her assertion that a debt collector is strictly liable for misleading a consumer when its demand letters (which are not false or misleading) do not exactly match an independent consumer credit reporting agency's report of the debt (which is based on a debt collector's accurate reporting of the principal amount due).

**AFFIRMED.**

3