268 P.3d 432

In the Matter of the Arbitration Between TRUSTEES OF the DON HO REVOCABLE LIVING TRUST, Claimants–Appellees,

v.

Dorianne DEMATTOS, Elizabeth Guevara and Donalei Ho, Respondents–Appellants.

No. CAAP–11–0000124.

Intermediate Court of Appeals of Hawai'i.

Aug. 31, 2011.

Adrian L. Lavarias (Bays Lung Rose & Holma), Honolulu, on the motion, for Claimant–Appellee.

NAKAMURA, C.J., FOLEY and GINOZA, JJ.

### ORDER DENYING CLAIMANTS–APPELLEES' MOTION TO DISMISS FOR LACK OF JURISDICTION

Claimants–Appellees the Trustees of the Don Ho Revocable Living Trust (Appellee Trustees) filed a Motion to Dismiss For Lack of Jurisdiction (Motion to Dismiss) seeking dismissal of this appeal on grounds that Respondents–Appellants Dorianne Demattos, aka Dorianne Ho, Elizabeth Guevara, and Donalei Ho (collectively Appellants) failed to timely appeal. Appellants, who are proceeding *pro se*, did not file an opposition to the Motion to Dismiss.

Appellee Trustees contend that an order confirming an arbitration award also constitutes entry of final judgment, and that Appellants were therefore required to file an appeal within thirty days from the confirmation order. Because Appellants did not file their appeal in that time period, Appellee Trustees contend the appeal was untimely and this court lacks jurisdiction.

Under Hawaii Revised Statutes (HRS) Chapter 658, Appellee Trustees would be correct. However, because HRS Chapter 658 was repealed and replaced by HRS Chapter 658A, we apply the statutory authority applicable to appeals under HRS Chapter 658A.[1] In this case, Appellants filed a notice of appeal that was not timely with respect to the confirmation order, but which was timely with respect to a final judgment filed subsequent to the confirmation order. As explained below, under HRS § 658A–28 (Supp. 2010) and § 658A–25 (Supp. 2010), we hold that Appellants were authorized to appeal from the final judgment in this case.

### I. *Procedural History*

On November 12, 2010, Appellee Trustees initiated the proceedings in the Circuit Court of the First Circuit (Circuit Court)[2] by filing a motion to confirm an arbitration award (motion to confirm). Appellee Trustees asserted that an arbitration proceeding had been held pursuant to the terms of a settlement agreement and that an arbitration award had been issued in their favor on October 22, 2010. Appellee Trustees requested that the Circuit Court confirm the arbitration award, enter final judgment, and enter a writ of possession related to certain real property that was a subject of the arbitration award.

On December 7, 2010, Appellants filed a motion to vacate the arbitration award (motion to vacate).

On January 14, 2011, after having held a consolidated hearing on the motions, the Circuit Court issued an order granting Appellee Trustees' motion to confirm and denying Appellants' motion to vacate (January 14, 2011 order).

On January 27, 2011, pursuant to the order confirming the arbitration award, the Circuit Court entered final judgment in favor of the Appellee Trustees and against the Appellants. On the same date, the Circuit Court entered a writ of possession in favor of Appellee Trustees related to the real property at issue.

On February 28, 2011, Appellants filed a notice of appeal from the final judgment.

### II. *Discussion*

#### A. *Current Provisions Under HRS Chapter 658A*

In cases involving arbitration awards, an appeal to the appellate courts is authorized as set forth under HRS § 658A–28.[3] This statute provides in full:

[1.] In 2001, by way of Act 265, the Hawai'i Legislature adopted HRS Chapter 658A and repealed HRS Chapter 658. *See* 2001 Haw. Sess. Laws Act 265. Act 265 took effect on July 1, 2002. Under HRS § 658A–3(c)(Supp.2010), "[a]fter June 30, 2004, this chapter governs an agreement to arbitrate whenever made."

[2.] The Honorable Robert M. Browning presided.

[3.] "HRS Chapter 658A is based on the Uniform Arbitration Act (2000) (RUAA), which was approved by the National Conference of Commissioners on Uniform State Laws (NCCUSL) in

§ 658A–28. **Appeals.** (a) An appeal may be taken from:

(1) An order denying a motion to compel arbitration;

(2) An order granting a motion to stay arbitration;

(3) An order confirming or denying confirmation of an award;

(4) An order modifying or correcting an award;

(5) An order vacating an award without directing a rehearing; or

(6) A final judgment entered pursuant to this chapter.

(b) An appeal under this section shall be taken as from an order or a judgment in a civil action.

In turn, HRS § 658A–25 addresses entry of final judgment as follows:

§ 658A–25. **Judgment on award; attorney's fees and litigation expenses.** (a) Upon granting an order confirming, vacating without directing a rehearing, modifying, or correcting an award, the court shall enter a judgment in conformity therewith. The judgment may be recorded, docketed, and enforced as any other judgment in a civil action.

. . . .

HRS § 658A–28 and § 658A–25 must be considered in conjunction with each other in this case. HRS § 658A–28 lists the types of orders and judgments from which an appeal may be taken. HRS § 658A–25, in turn, does not provide for entry of judgment in all circumstances involving an arbitration award, but does apply *inter alia* where a court has granted an order confirming an arbitration award.

Rule 4(a) of the Hawai'i Rules of Appellate Procedure (HRAP), requires that "[w]hen a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order." HRAP Rule 4(a) (2011). Appellants did not appeal from the January 14, 2011 order granting confirmation. Moreover, their February 28, 2011 notice of appeal would be untimely with respect to that order because it was filed more than thirty days after January 14, 2011. The key question is thus whether Appellants were authorized under HRS § 658A–28(a)(6) to appeal from the January 27, 2011 final judgment.

■ Given the express language and plain meaning of HRS § 658A–28 and § 658A–25, we conclude that Appellants were authorized to appeal from *either* the January 14, 2011 order granting confirmation [4] *or* the January 27, 2011 final judgment.[5] HRS § 658A–28(a) authorizes an appeal from an order confirming an award *or* from a final judgment entered pursuant to that chapter. *Cf., In re United Pub. Workers, AFSCME, Local 646, AFL–CIO,* 124 Hawai'i 372, 376 n. 2, 244 P.3d 609, 613 n. 2 (App.2010) (HRS § 658A–28(a) "provides appeals from orders denying a motion to compel arbitration *or* from final judgments entered pursuant to that chapter. The order need not satisfy both criteria to be appealable.").

It is important to note that, as required by HRS § 658A–28(a)(6), the final judgment in this case was "entered pursuant to this chapter" because it meets the requirements of HRS § 658A–25. That is, the final judgment was entered pursuant to an order granting confirmation of the arbitration award, one of the specified types of orders pursuant to which judgment is to be entered under HRS § 658A–25. HRS § 658A–25 provides for entry of judgment only upon "granting an order confirming, vacating without directing a rehearing, modifying, or correcting an award[.]" The legislature has thus specified the types of orders for which entry of judgment is appropriate. These types of orders bring finality to arbitration matters. *Cf., SHOPO v. County of Kauai,* 123 Hawai'i 128, 132, 230 P.3d 428, 432 (App.2010) ("[T]he statutory structure providing for appeals from arbitration-related orders, when read as a whole, is designed to permit appeals only from orders that bring an element of finality

2000." *Mikelson v. United Servs. Auto. Ass'n,* 122 Hawai'i 393, 395, 227 P.3d 559, 561 (App. 2010) (brackets and citation omitted).

4. Under HRS § 658A–28(a)(3).

5. Under HRS § 658A–28(a)(6).

to the arbitration process.") (quoting *Karcher Firestopping v. Meadow Valley Contractors, Inc.,* 204 P.3d 1262, 1265–66 (Nev.2009)).

Given the circumstances of this case, a direct appeal was authorized under HRS § 658A–28(a)(3) *or* HRS § 658A–28(a)(6). This process remains consistent with the legislature's intent that arbitration matters be resolved expeditiously and inexpensively. *Cf., Oppenheimer v. AIG Hawai'i Ins. Co.,* 77 Hawai'i 88, 92, 881 P.2d 1234, 1238 (1994).[6]

■ Appellants were therefore authorized to file an appeal from the January 27, 2011 final judgment and their notice of appeal was timely under HRAP Rule 4(a).[7]

### B. *Predecessor Statutes Under HRS Chapter 658*

In seeking dismissal, Appellee Trustees rely on case law which interpreted and applied the statutory provisions previously set out under the now repealed HRS Chapter 658. For purposes of this case, there are material differences between the repealed provisions and the provisions now applicable under HRS Chapter 658A.

Under the prior chapter, the authority to appeal was set out in HRS § 658–15 (1993 Repl.), which stated:

§ 658–15 **Appeal when.** Unless the agreement for award provides that no appeal may be taken an appeal may be taken from an order vacating an award, or from a judgment entered upon an award, as from an order or judgment in an action, otherwise no appeal may be had.

In turn, the entry of judgment was determined by HRS § 658–12 (1993 Repl.), which specified:

§ 658–12 **Entry of judgment.** Upon the granting of an order, confirming, modifying, or correcting an award, the same shall be filed in the office of the clerk of the circuit court and this shall constitute the entry of judgment. An appeal may be taken from such judgment as hereinafter set forth.

Under these earlier provisions, when a circuit court issued an order "confirming, modifying, or correcting an award," that order *constituted* "entry of judgment" under HRS § 658–12. Therefore, the time to appeal commenced from the issuance of those types of orders, and not from any subsequently entered judgment. *Oppenheimer,* 77 Hawai'i at 91–92, 881 P.2d at 1237–38 ("by virtue of HRS § 658–12, an order confirming an arbitration award is a final judgment from which an appeal may be taken") (footnote omitted); *Kalawaia v. AIG Hawai'i Ins. Co.,* 90 Hawai'i 167, 171, 977 P.2d 175, 179 (1999); *Dilsaver v. Assoc. of Apartment Owners of Kona Coffee Villas,* 92 Hawai'i 206, 208–09, 990 P.2d 104, 106–07 (1999).

Indeed, under the now repealed statutes, the Hawai'i Supreme Court had ruled that a document entitled "judgment" which was filed after a written order granting confirmation of an arbitration award was "surplusage." *Kalawaia,* 90 Hawai'i at 171, 977 P.2d at 179; *Sousaris v. Miller,* 92 Hawai'i 505, 510 n. 3, 993 P.2d 539, 544 n. 3 (2000). The supreme court thus directed that "[b]ecause of the special circumstances surrounding the confirmation of an award arising out of arbitration proceedings, and to avoid confusion in the future, the circuit court should refrain from entering a 'judgment' on a separate document from the order confirming the arbitration award." *Kalawaia,* 90 Hawai'i at 171, 977 P.2d at 179.

6. In *Oppenheimer,* the Hawai'i Supreme Court recognized that by allowing direct appeals from certain orders pertaining to arbitration awards, the legislature had "carv[ed] out a specific exception to HRS § 641–l(a)" that was "wholly consistent with its intent that matters subject to arbitration be expeditiously and inexpensively resolved." 77 Hawai'i at 92, 881 P.2d at 1238. As explained *infra, Oppenheimer* considered provisions in HRS Chapter 658, the predecessor chapter to HRS Chapter 658A. However, the current provisions under HRS Chapter 658A—HRS § 658A–28 and § 658A–25—also authorize a pro-

cess for immediate appeals, albeit somewhat different, that allows arbitration matters to be resolved expeditiously and inexpensively.

7. Appellants' notice of appeal filed February 28, 2011 was timely because thirty days from January 27, 2011 was Saturday, February 26, 2011. Under HRAP Rule 26(a), because the thirtieth day was a Saturday, the period to appeal was extended until the following Monday, February 28, 2011.

HRS Chapter 658 was repealed, effective as of July 1, 2002. Therefore, the cases applying the provisions in that chapter are inapposite to this case. With the provisions now applicable under HRS Chapter 658A, a separate judgment must be entered pursuant to certain specified types of orders (i.e., an order which confirms, vacates without directing a rehearing, modifies, or corrects an award), and an appeal from such a judgment is one of the options authorized.

### III. *Conclusion*

Appellants' February 28, 2011 notice of appeal was timely filed with respect to the January 27, 2011 final judgment. We therefore deny the Appellee Trustees' Motion to Dismiss and conclude we have jurisdiction in this appeal.