**Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000065
26-NOV-2013
09:26 AM**

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

---o0o---


IN THE MATTER OF THE ARBITRATION BETWEEN
HAWAII STATE TEACHERS ASSOCIATION, Union-Appellant,
and STATE OF HAWAI'I, DEPARTMENT OF EDUCATION,
Employer-Appellee, (GRIEVANCE OF KATHLEEN MORITA) (2008-045)


NOS. CAAP-11-0000065 and CAAP-11-0000140


APPEAL FROM THE CIRCUIT COURT OF THE FIRST CIRCUIT
(S.P. NO. 10-1-0165 (GWBC))


NOVEMBER 26, 2013


FUJISE, PRESIDING JUDGE, LEONARD and REIFURTH, JJ.


OPINION OF THE COURT BY LEONARD, J.


Union-Appellant Hawaii State Teachers Association
(**HSTA**) appeals from the February 24, 2011 Final Judgment entered
by the Circuit Court of the First Circuit (**Circuit Court**),[1] and
challenges the following Circuit Court orders:  (1) Order
Granting Employer's Motion to Vacate in Part Award Dated May 7,
2010, which was filed January 4, 2011; (2) Order Denying HSTA's
Motion for Reconsideration of Employer's Motion to Vacate in Part
Award Dated May 7, 2010, which was filed January 4, 2011; and (3)
Order Granting HSTA's Motion to Alter and Amend Judgment Entered

---

[1]     The Honorable Gary W.B. Chang presided.

October 1, 2010 or in the Alternative to Confirm Supplemental Arbitration Award Clarifying Award Of May 7, 2010, Filed October 11, 2010, which was filed on January 31, 2011.

HSTA primarily contends that the Circuit Court erred when it vacated, in part, an arbitrator's award that interpreted a Collective Bargaining Agreement provision to allow interest on back pay in order to make the grievant whole. We agree. Neither sovereign immunity nor the statutory prohibition against the award of pre-judgment interest against the State are implicated here. Public policy does not bar the arbitrator's award. An arbitrator's error in construing an agreement or misinterpreting applicable law is not sufficient ground for overturning an arbitration award, even assuming such errors were made. Before reaching these issues, however, this court must first address the complex procedural posture of this appeal.

I. RELEVANT BACKGROUND FACTS

A. The Arbitration Proceedings

HSTA participated in an arbitration with the State of Hawaiʻi, Department of Education (**State or Employer**) with respect to the State's termination of a union member and public school teacher, Kathleen Morita (**Morita**). Morita was a public school teacher at Hauula Elementary School, and a member of HSTA. Based on a custodian's report of the smell of "pot" in her classroom and the presence of what appeared to the custodian (based on its shape and cap cover) to be wine inside a paper bag, Morita was allegedly smoking marijuana, and in possession of alcohol in her classroom, on September 12, 2007. Over a period of several months, the incident was investigated, and the State terminated Morita from her teaching position on July 18, 2008, effective July 31, 2008.

Pursuant to the applicable Collective Bargaining Agreement, and in accordance with Hawaii Revised Statutes (**HRS**) § 89-10.8 (2012), Morita's grievance was submitted to binding arbitration before Arbitrator Walter Ikeda (**Arbitrator**), who rendered a Decision and Award on May 7, 2010 (**Award**). In the Award, the Arbitrator sustained Morita's grievance, determining

that the State lacked just cause to terminate Morita. The Arbitrator ordered that Morita be reinstated, and that she should be restored her service time for benefits, and awarded her back pay "with interest at the rate of ten (10) percent per annum on any unpaid amounts that are due and owing." The Award did not specify an amount, as it was potentially subject to offsets for unemployment benefits, wages, and other payments received during the period of unemployment. The Award also stated that the Arbitrator would retain limited jurisdiction, for a period not to exceed six months from the date of the Award, to assure compliance with the Award.

On May 27, 2010, the State filed a motion to correct or modify the Award, requesting that the Arbitrator delete the interest on the back pay. The State's motion was denied on June 16, 2010.

On July 28, 2010, HSTA filed a motion requesting that the Arbitrator enter a final decision and award. On or about September 25, 2010, the Arbitrator entered a Compliance Order; Post Decision and Award of May 7, 2010 (**Compliance Order**). In the Compliance Order, the Arbitrator identified various filings in the Circuit Court (which are discussed below). He explained that, while HSTA had requested a final award and order with a fixed amount because the parties had been unable to agree to what normally would have been a ministerial mathematical calculation, he elected to treat it as a compliance matter pursuant to his continuing jurisdiction pursuant to the Award, the Collective Bargaining Agreement and HRS Chapter 658A. The Compliance Order specifically addressed several issues potentially affecting the amount of payment due to Morita, including the effect of unemployment insurance payments, wages from another job, health care deductibles, and the treatment of retirement benefits.

The other issue addressed by the Arbitrator in the Compliance Order was the issue of the Arbitrator's award of interest on any unpaid back pay, after the required offsets. The Arbitrator considered and rejected the State's argument, *i.e.*, that the Arbitrator lacked authority to impose interest because

3

it had not been agreed to in the Collective Bargaining Agreement. He stated his reasoning as follows:

> [T]he Arbitrator believes that he is acting in conformity [with] the Collective Bargaining Agreement and the authority granted by HRS, Chapter 658A in the determination that any backpay award includes interest at the rate of 10 percent per annum. The purpose of an award of backpay including interest is to 'make whole' financially the Grievant had she not been terminated. Elkouri & Elkouri, How Arbitration Works, 6th Ed. 2003, p. 1224. Payment to the Grievant of wrongfully withheld pay without interest would not restore her whole as loss of use of funds for that period entailed either deprivation or additional costs to the Grievant if she had to borrow funds to replace lost wages while awaiting the results of her grievance. . . .

Noting that the Employer indicated a possible appeal from at least the interest portion of the Award, the Compliance Order set forth the principal amount of the back pay (which was adjusted for setoffs) and detailed the methodology to be used for the calculation of the interest, from a date certain (August 1, 2008) until the back pay was paid.

B.     The Circuit Court Proceedings

1.     *HSTA's Motion to Confirm the Arbitration Award*

On May 18, 2010, HSTA filed a Motion to Confirm Arbitration Award, Entry of Judgment and Allowing Costs and Other Appropriate Relief (**Motion to Confirm**).  The State filed a memorandum in opposition, challenging the awarded interest and opposing HSTA's request for attorneys' fees and costs.  On October 1, 2010, the Circuit Court entered (1) an Order Granting in Part and Denying in Part Motion to Confirm Arbitration Award, Entry of Judgment and Allowing Costs and Other Appropriate Relief (**Order Confirming Award**) and (2) a Judgment in favor of HSTA and against the State (**10/1/10 Judgment**).  In the Order Confirming Award, the Circuit Court confirmed the Award, and ordered that judgment be entered, but denied without prejudice HSTA's request for attorneys' fees and costs.  The 10/1/10 Judgment included reference to HRS § 658A-25(a), and expressly stated that it resolved all claims by and against the parties, and that "[a]ny and all remaining claims, if any, are dismissed with prejudice."

2.    *The State's Challenges to the Award*

Meanwhile, on what appears to be a parallel track in the same case, the State filed two motions pertaining to the Arbitration Award:  (1) a July 9, 2010 Employer's Motion to Modify or Correct [the Award] (**State's Motion to Modify Award**); and (2) a July 26, 2010 Employer's Motion to Vacate in Part [the Award] (**State's Motion to Vacate Award**).  Both motions sought relief from the Arbitrator's award of interest, but the State's Motion to Modify Award relied on HRS § 658A-24(a)(3),[2] whereas the State's Motion to Vacate Award relied on HRS § 658A-23(a)(4).[3]

Pursuant to an order entered on October 1, 2010, the State's Motion to Modify Award was denied on the grounds the motion impermissibly sought to affect the merits of the Award (**Order Denying Modification of Award**).  On October 1, 2010, the Circuit Court also entered an order entitled "Order Denying Employer's Oral Motion for Leave to File Motion to Vacate Award Dated May 7, 2010, Filed Orally on July 15, 2010" (**Order Denying Oral Motion**).

The disposition of the State's Motion to Vacate Award was more complicated.  In the first instance, an unfiled copy of the motion was delivered to HSTA's attorneys.  The unfiled copy

---

[2]    HRS § 658A-24(a)(3) (Supp. 2012) provides:

> **§ 658A-24  Modification or correction of award.**  (a) Upon motion made within ninety days after the movant receives notice of the award pursuant to section 658A-19 or within ninety days after the movant receives notice of a modified or corrected award pursuant to section 658A-20, the court shall modify or correct the award if:
> . . . .
> (3)    The award is imperfect in a matter of form not affecting the merits of the decision on the claims submitted.

[3]    HRS § 658A-23(a)(4) (Supp. 2012) provides:

> **§ 658A-23  Vacating award.**  (a)  Upon motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if:
> . . . .
> (4)    An arbitrator exceeded the arbitrator's powers.

did not include a hearing date and therefore did not provide notice of a hearing on the motion. A hearing was held on September 13, 2010. No opposition was filed and no one appeared for HSTA at the September 13, 2010 hearing. At that hearing, the State entered its appearance and the Circuit Court orally granted the State's Motion to Vacate Award. The written order on the State's Motion to Vacate Award was not entered until January 4, 2011, and was entitled "Order Granting Employer's Motion to Vacate in Part Award Dated May 7, 2010" (**Order Partially Vacating Award**).

Prior to the entry of the Circuit Court's Order Partially Vacating Award, on October 7, 2010, HSTA filed a motion denominated as a "Motion for Reconsideration" of the State's Motion to Vacate Award, but which we will refer to as a motion for rehearing (**HSTA's Motion for Rehearing**). HSTA's Motion for Rehearing apprised the Circuit Court that HSTA had not been served with notice of the September 13, 2010 hearing, and addressed the merits of the State's Motion to Vacate Award. While the State agreed that, under the circumstances, a further hearing should be set, it argued that the relief setting aside the Arbitrator's award of interest was properly granted. On November 22, 2010, a hearing was held on HSTA's Motion for Rehearing and the matter was taken under advisement by the Circuit Court. On November 23, 2010, a minute order was entered denying HSTA's Motion for Rehearing. A written order denying HSTA's Motion for Rehearing was entered on January 4, 2011 (**Order Denying HSTA's Motion for Rehearing**).

3. *HSTA's Motion to Amend the 10/1/10 Judgment*

Meanwhile, shortly after the Circuit Court entered the Order Confirming Award and the 10/1/10 Judgment, back on what appears to be the first track, on October 11, 2010, HSTA filed a Motion to Alter and Amend Judgment Entered October 1, 2010 (**HSTA's Motion to Amend 10/1/10 Judgment**). In this motion, HSTA sought to amend the 10/1/10 Judgment to either include the specific amount of back pay reflected in the Arbitrator's Compliance Order or, in the alternative, to confirm Arbitrator's

Compliance Order.[4]  On November 8, 2010, a hearing was held on HSTA's Motion to Amend 10/1/10 Judgment.  At the November 8th hearing, the Circuit Court orally granted HSTA's Motion to Amend 10/1/10 Judgment.  However, the written order reflecting this ruling, entitled Order Granting HSTA's Motion to Alter and Amend Judgment Entered October 1, 2010 or in the Alternative to Confirm Supplemental Arbitration Award Clarifying Award Of May 7, 2010, Filed October 11, 2010 (**Order Granting HSTA's Motion to Amend 10/1/10 Judgment**), was not entered until January 31, 2011.

4.     *The (Second) Final Judgment*

On February 24, 2011, the Circuit Court entered a "Final Judgment" (**2/24/11 Judgment**), which entered judgment:  (1) in favor of HSTA and against the State "on the reinstatement and back pay to grievant in conformity with the [Award]"; and (2) in favor of the State and against HSTA "on the 10% interest on the back pay in the [Award] and on HSTA's request for fees."

5.     *The Genesis of this Appeal*

On February 1, 2011, HSTA filed a Notice of Appeal from the January 4, 2011 orders, *i.e.*, the Order Partially Vacating the Award and the Order Denying HSTA's Motion for Rehearing. This appeal was docketed as CAAP-11-0000065.

On March 8, 2011, HSTA filed a second Notice of Appeal from the 2/24/11 Judgment.  HSTA's second notice also purported to appeal from the Order Partially Vacating Award and the Order Denying HSTA's Motion for Rehearing, as well as the Order Granting HSTA's Motion to Amend 10/1/10 Judgment.[5]  The second appeal was docketed as CAAP-11-0000140.

---

[4]     On the same day, October 11, 2010, HSTA filed a separate Motion to Allow Reasonable Attorneys' Fees and Costs.  HSTA's Motion to Amend 10/1/10 Judgment also requested that any attorneys' fees and costs awarded to HSTA be reflected in an amended judgment.  Both of these motions were set for hearing on November 8, 2010.  On February 22, 2011, the Circuit Court entered an order denying attorney's fees and costs to HSTA (**Order Denying HSTA's Fees**).  The Order Denying HSTA's Fees – or perhaps more accurately, the deemed denial of HSTA's motion to allow fees, pursuant to Hawaiʻi Rules of Appellate Procedure (**HRAP**) Rule 4(a)(3) –  is not challenged on appeal.

[5]     The second notice also states that it appeals from the Circuit Court's February 24, 2011 Notice of Entry of Judgment.

Upon a motion by HSTA, on April 12, 2011, this court consolidated the appeals.

II. POINTS OF ERROR

HSTA raises five points of error, contending that the Circuit Court:[6] (1) exceeded its authority when it vacated in part the Award; (2) erred in vacating in part the Award based on sovereign immunity; (3) erred in failing to recognize the State's waiver of sovereign immunity; (4) erred in construing the Award as granting pre-judgment interest and therefore violating public policy; and (5) exceeded its authority and otherwise erred in the rulings stated in or omitted from the Order Granting HSTA's Motion to Amend 10/1/10 Judgment.

III. APPLICABLE STANDARDS OF REVIEW

The existence of jurisdiction is a question of law that is reviewed *de novo* by the appellate court. See, e.g., Captain Andy's Sailing, Inc., v. Dep't of Land & Natural Res., 113 Hawaiʻi 184, 192, 150 P.3d 833, 841 (2006).

> Jurisdiction is the base requirement for any court considering and resolving an appeal or original action. Without jurisdiction, a court is not in a position to consider the case further. [A party's] failure to file a timely notice of appeal is a jurisdictional defect that can neither be waived by the parties nor disregarded by the court in the exercise of judicial discretion. . . . A judgment rendered by a court without subject matter jurisdiction is void, questions about the trial court's subject matter jurisdiction may be raised at any stage of the case[.]

Wong v. Wong, 79 Hawaiʻi 26, 29, 897 P.2d 953, 956 (1995) (citations omitted).

> The lack of jurisdiction over the subject matter cannot be waived by the parties. If the parties do not raise the issue, a court *sua sponte* will, for unless jurisdiction of the court over the subject matter exists, any judgment rendered is invalid.

Chun v. Emps.' Ret. Sys., 73 Haw. 9, 14, 828 P.2d 260, 263 (1992) (citation and internal quotation marks omitted).

"We review the circuit court's ruling on an arbitration award *de novo*, but we also are mindful that the circuit court's

---

6 HSTA's somewhat unwieldy points are paraphrased for brevity and clarity.

review of arbitral awards must be extremely narrow and exceedingly deferential." Kona Vill. Realty, Inc. v. Sunstone Realty Partners, XIV, LLC, 121 Hawai'i 110, 112, 214 P.3d 1100, 1102 (App. 2009) aff'd, 123 Hawai'i 476, 236 P.3d 456 (2010) (citations, internal quotation marks, and brackets omitted).

Judicial review of an arbitration award is limited based upon the following precepts:

> First, because of the legislative policy to encourage arbitration and thereby discourage litigation, arbitrators have broad discretion in resolving the dispute. Upon submission of an issue, the arbitrator has authority to determine the entire question, including the legal construction of terms of a contract or lease, as well as the disputed facts. In fact, where the parties agree to arbitrate, they thereby assume all the hazards of the arbitration process, including the risk that the arbitrators may make mistakes in the application of law and in their findings of fact.

> Second, correlatively, judicial review of an arbitration award is confined to the strictest possible limits. An arbitration award may be vacated only on the four grounds specified in HRS § 658-9 and modified and corrected only on the three grounds specified in HRS § 658-10. Moreover, the courts have no business weighing the merits of the award.

> Third, HRS §§ 658-9 and -10 also restrict the authority of appellate courts to review judgments entered by circuit courts confirming or vacating the arbitration awards.

> Although formulated under the prior arbitration statute, this standard of review is equally applicable to arbitrations conducted under HRS Chapter 658A. Under HRS Chapter 658A, an arbitration award can be vacated only on the six grounds specified in HRS § 658A-23(a) and modified and corrected only on the three grounds specified in HRS § 658A-24.

Id. at 112-113, 214 P.3d at 1102-03 (citing Schmidt v. Pac. Benefit Servs., Inc., 113 Hawai'i 161, 165-66, 150 P.3d 810, 814-15 (2006)) (citations omitted). The supreme court has made it clear that the courts have no business weighing the merits of an arbitration award. Id. at 113, 214 P.3d at 1103 (citing United Public Workers, Local 646 v. Dawson Int'l, Inc., 113 Hawai'i 127, 137-38, 149 P.3d 495, 505-06 (2006)).

IV. DISCUSSION

    A. A Tale of Two Judgments

HSTA formulates five substantive points of error in this appeal. However, as set forth in the Applicable Standards

of Review, and in light of what appears to be a pair of "final judgments," we must first consider both: (1) whether this court has appellate jurisdiction to review all of the issues raised in this appeal; and (2) whether the Circuit Court had the authority to proceed to enter orders and a second judgment on what we described above as a "parallel track," after the Circuit Court entered the 10/1/10 Judgment.

We begin with an examination of the 10/1/10 Judgment, which states:

> Pursuant to the 1) [Order Confirming Award], 2) [Order Denying Modification of Award], 3) [Order Denying Oral Motion], Judgment is hereby entered in conformity with the [Award] in accordance with Section 658A-25(a), Hawaii Revised Statutes, in favor of [HSTA] and against [the State].
> **This judgment is entered as to all claims** raised by the parties, and **it resolves all claims** by and against the parties in the above-entitled case. **No claims or parties remain.**
> **Any and all remaining claims, if any, are dismissed with prejudice.**

(Format altered; emphasis added.)

HRS § 658A-25(a) (Supp. 2012), which was referenced in the 10/1/10 Judgment, provides:

> **§658A-25 Judgment on award; attorney's fees and litigation expenses.** (a) Upon granting an order confirming, vacating without directing a rehearing, modifying, or correcting an award, the court shall enter a judgment in conformity therewith. The judgment may be recorded, docketed, and enforced as any other judgment in a civil action.

We also consider the 10/1/10 Judgment in light of the statute authorizing appeals to the appellate courts in cases involving arbitration awards:

> **§ 658A-28 Appeals.** (a) An appeal may be taken from:
> . . . .
> (3)   An order confirming or denying confirmation of an award;
> (4)   An order modifying or correcting an award;
> (5)   An order vacating an award without directing a rehearing; or
> (6)   A final judgment entered pursuant to this chapter.
> (b)   An appeal under this section shall be taken as from an order or a judgment in a civil action.

HRS § 658A-28 (Supp. 2012).

As required by HRS § 658A-28(a)(6), the 10/1/10 Judgment was "entered pursuant to this chapter" because it meets the requirements of HRS § 658A-25(a), *i.e.*, final judgment was entered pursuant to an order granting confirmation of an arbitration award. In addition, the 10/1/10 Judgment expressly states that it resolves *all* claims by and against the parties, *no* parties or claims remain, and that any and *all* remaining claims are dismissed *with prejudice*. Thus, the 10/1/10 Judgment constituted a final and appealable judgment.

No appeal was taken by either HSTA or the State within the 30-day period provided in HRAP Rule 4(a)(1).[7] However, HSTA timely filed a post-judgment motion, HSTA's Motion to Amend the 10/1/10 Judgment, within 10 days of the entry of the judgment. See Hawai'i Rules of Civil Procedure (**HRCP**) Rule 59(e) ("Any motion to alter or amend a judgment shall be filed no later than 10 days after entry of the judgment."). Thus, pursuant to HRAP Rule 4(a)(3), the time for filing a notice of appeal was extended. HRAP Rule 4(a)(3) provides:

> (3) TIME TO APPEAL AFFECTED BY POST-JUDGMENT MOTIONS. If any party files a timely motion for judgment as a matter of law, to amend findings or make additional findings, for a new trial, to reconsider, alter or amend the judgment or order, or for attorney's fees or costs, the time for filing the notice of appeal is extended until 30 days after entry of an order disposing of the motion; **provided, that the failure to dispose of any motion by order entered upon the record within 90 days after the date the motion was filed shall constitute a denial of the motion.**

(Emphasis added.)

The last clause of HRAP Rule 4(a)(3) is highlighted because, in this case, the Circuit Court failed to enter an order within 90 days after the date that HSTA's Motion to Amend 10/1/10 Judgment was filed. HSTA's motion was filed on October 11, 2010. Therefore, to the extent that it constituted a post-judgment

---

[7]     HRAP Rule 4(a)(1) provides, in relevant part:

**Rule 4. Appeals – When taken.**
        (a) *Appeals in civil cases.*
           (1) TIME AND PLACE OF FILING. When a civil appeal is permitted by law, the notice of appeal shall be filed within 30 days after entry of the judgment or appealable order.

motion to amend the 10/1/10 Judgment, HSTA's Motion to Amend 10/1/10 Judgment was deemed denied on January 10, 2011.[8] Accordingly, pursuant to HRAP Rule 4(a)(3), the parties had 30 days from that date to timely file an appeal from the 10/1/10 Judgment.

In a less convoluted scenario, we would simply have stated that the parties had 30 days from the deemed denial of HSTA's Motion to Amend 10/1/10 Judgment to appeal the deemed ruling on that motion. However, in this case, HSTA's Motion to Amend 10/1/10 Judgment included two, alternative, requests for relief. First, it sought to amend the 10/1/10 Judgment to include additional relief, namely that the Circuit Court include the dollar amount for the back pay award, as specified in the Arbitrator's Compliance Order. In the alternative, HSTA's Motion to Amend 10/1/10 Judgment sought to confirm the Arbitrator's Compliance Order, pursuant to HRS § 658A-22.[9]

With respect to the first alternative, the Circuit Court's January 31, 2011 Order Granting HSTA's Motion to Amend 10/1/10 Judgment was filed too late to provide the intended relief. See HRAP Rule 4(a)(3). Although HSTA filed its first Notice of Appeal on February 1, 2011, we cannot fairly infer from that notice that HSTA intended to appeal either the deemed denial or the January 31st order at that time. Cf. In re Brandon, 113 Hawaiʻi 154, 155-56, 149 P.3d 806, 806-08 (App. 2006) (mistakenly designating Citation Order No. 427, rather than Citation Order No. 426, did not require dismissal of appeal); Ek v. Boggs, 102 Hawaiʻi 289, 294, 75 P.3d 1180, 1185 (2003) ("a mistake in

---

[8]    The 90th calendar day after October 11, 2010 is Sunday, January 9, 2011. Because it falls on a Sunday, the 90-day time period for HRAP Rule 4(a)(3) is extended until Monday, January 10, 2011 pursuant to HRAP Rule 26(a).

[9]    HRS § 658A-22 (Supp. 2012) provides:

> **§ 658A-22 Confirmation of award.** After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirmation order unless the award is modified or corrected pursuant to section 658A-20 or 658A-24 or is vacated pursuant to section 658A-23.

designating the judgment should not result in loss of the appeal <u>as long as the intention to appeal from a specific judgment can be fairly inferred from the notice</u> and the appellee is not misled by the mistake") (citations, internal quotation marks, and ellipses omitted; emphasis added); <u>see</u> <u>also</u> <u>Chun v. Bd. of Trs. of ERS of Haw.</u>, 92 Hawai'i 432, 448, 992 P.2d 127, 143 (2000) (dismissing appeal as to undesignated order).[10]  HSTA's first Notice of Appeal clearly intends to appeal only from the Circuit Court's two January 4, 2011 orders, the Order Partially Vacating Award and the Order Denying HSTA's Motion for Rehearing, as evidenced by the contents of the notice, the two orders attached as exhibits, the concurrently filed civil appeal docketing statement, and the related statement of jurisdiction. Accordingly, as there was no timely appeal from the disposition of HSTA's request to amend the 10/1/10 Judgment, the Circuit Court's disposition of that request and the 10/1/10 Judgment are final and unreviewable.

We reach the same conclusion, albeit for different reasons, with respect to the alternative relief requested in HSTA's Motion to Amend 10/1/10 Judgment, that is the request for confirmation of the Arbitrator's Compliance Order.  Although one might prefer a less tortuous procedural history than the one presented here, HSTA's Motion to Amend 10/1/10 Judgment properly included a request for an order confirming the Compliance Order, pursuant to HRS § 658A-22.  The Circuit Court's order granting the motion does not expressly state which of the two alternatives it is granting, rather it says that the motion "is hereby granted."  The statement of the relief provided, however, clearly appears intended to amend the 10/1/10 Judgment, stating:  "[t]he judgment will be amended to state the Employer shall pay the employee $25,169.05"; and "[a]n amended judgment consistent with

---

[10]     These cases refer to and interpret HRAP Rule 3(c)(2), which states, in part, that a notice of appeal "shall designate the judgment, order or part thereof and the court or agency appealed from."

this order shall be filed at an appropriate time." There is no language confirming, or reasonably inferring confirmation of, the Compliance Order. Therefore, we must conclude that the alternative relief requested in HSTA's Motion to Amend 10/1/10 Judgment was, in effect, denied.

For the purpose of taking an appeal, HRS Chapter 658A does not treat the denial of a motion to confirm an arbitration award the same way that it treats the granting of a motion to confirm an arbitration award. To understand the difference, it is necessary to consider both HRS § 658A-25(a) and HRS § 658A-28(a). HRS § 658A-25(a) requires that a judgment be entered by the court "[u]pon granting an order confirming, vacating without directing a rehearing, modifying, or correcting an award, the court shall enter a judgment in conformity therewith." There is no judgment required upon the denial of order denying confirmation of an arbitration award.

HRS § 658A-28(a) specifically authorizes an appeal from an "order confirming or denying confirmation of an award" (HRS § 658A-28(a)(3)) or a "final judgment" entered pursuant to HRS Chapter 658A (HRS § 658A-28(a)(6)). As there is no provision for a final judgment on an order denying confirmation of an arbitration award, this is not a situation where a party may appeal from either the order or the final judgment issued pursuant to Chapter 658A. Cf. Don Ho Trust v. Demattos, 126 Hawaiʻi 179, 268 P.3d 432 (App. 2011) (allowing appeal from either the confirmation order or final judgment). Nor is this a situation where the denial of confirmation of an arbitration award lacks the necessary finality because, here, no further proceedings on the matter were contemplated. Cf. SHOPO v. Cty. of Kauai, 123 Hawaiʻi 128, 230 P.3d 428 (App. 2010) (order denying confirmation not appealable where the matter was remanded to the arbitrator and therefore the parties' rights remained undetermined). Thus, we conclude that, with respect to the alternative relief requested in HSTA's Motion to Amend 10/1/10

Judgment, the January 31, 2011 Order Granting HSTA's Motion to Amend 10/1/10 Judgment was a final, appealable order.

As explained above, we cannot fairly infer from HSTA's February 1, 2011 Notice of Appeal that HSTA intended that notice to effect an appeal from the Order Granting HSTA's Motion to Amend 10/1/10 Judgment. Nor was any other notice of appeal filed within 30 days of the Order Granting HSTA's Motion to Amend 10/1/10 Judgment, as required by HRAP Rule 4(a)(1).[11] The 2/24/11 Judgment did not, in any way, acknowledge, address, or implicate the Order Granting HSTA's Motion to Amend 10/1/10 Judgment. HSTA's March 8, 2011 Notice of Appeal, which purports to appeal from, *inter alia*, the Order Granting HSTA's Motion to Amend 10/1/10 Judgment, was untimely filed with respect to that order. For these reasons, this court does not have appellate jurisdiction to review either the 10/1/10 Judgment or the Order Granting HSTA's Motion to Amend 10/1/10 Judgment.

This court does have jurisdiction to review the two January 4, 2011 orders, the Order Partially Vacating the Award and the Order Denying HSTA's Motion for Rehearing, which were timely appealed in HSTA's February 1, 2011 Notice of Appeal.

On March 8, 2011, HSTA also timely filed a Notice of Appeal from the 2/24/11 Judgment. The second Notice of Appeal purports to appeal from the two January 4, 2011 orders; the second Notice of Appeal was unnecessary to perfect an appeal from those orders, as they were timely appealed in the first Notice of Appeal. See HRS § 658A-28(a)(3). Nevertheless, HRS § 658A-25(a) does require the entry of a judgment on orders vacating without directing a hearing and the 2/24/11 Judgment was properly entered in accordance with that requirement. The second Notice of Appeal also purports to appeal from the Order Granting HSTA's Motion to Amend 10/1/10 Judgment; in this regard, as discussed above, the second Notice of Appeal is untimely. The only order entered by

---

[11]    Nor was a tolling motion filed pursuant to HRAP Rule 4(a)(3).

the Circuit Court between the time of HSTA's first and second Notices of Appeal, an order denying HSTA's attorneys' fees and costs, is not challenged on appeal.[12]  Although it does not appear that the 2/24/11 Judgment was improperly entered, it does not present any additional matters for appellate review.

Thus, we have identified the scope of our appellate review.  We will address the Circuit Court's authority to enter orders on a "parallel track," after the Circuit Court entered the 10/1/10 Judgment, in conjunction with our substantive review.

B.   The Circuit Court's Ruling on the Merits of the Arbitration Award

Hawai'i's Uniform Arbitration Act, HRS Chapter 658A, sets forth the mechanisms and scope of judicial action concerning arbitration proceedings.  HRS § 658A-22 provides the mechanism for confirmation of an award:

> **§ 658A-22   Confirmation of award.**  After a party to an arbitration proceeding receives notice of an award, the party may make a motion to the court for an order confirming the award at which time the court shall issue a confirmation order unless the award is modified or corrected pursuant to section 658A-20 or 658A-24 or is vacated pursuant to section 658A-23.

This statute provides that an arbitration award *shall be* confirmed unless it is either modified or corrected or it is vacated.  See also HRS §§ 658A-23(d) & 658A-24(b) (Supp. 2012) (both requiring confirmation, absent an order vacating, correcting, or modifying).  HRS § 658A-22 specifically identifies the three statutory provisions that authorize an outcome other than confirmation of an arbitration award, *i.e.*, HRS §§ 658A-20, 658A-24, and 658A-23.  Here, the State did not challenge the Award based on HRS § 658A-20.  Rather, the State's Motion to Modify Award was based on HRS § 658A-24(a)(3), which allows a modification or correction if "[t]he award is imperfect in a

---

[12]      In addition, we note that the underlying motion for attorneys' fees and costs, filed as a post-judgment motion on October 11, 2010, was deemed denied on January 10, 2011, pursuant to HRAP Rule 4(a)(3).

matter of form not affecting the merits of the decision on the claims submitted." The State did not appeal the Circuit Court's denial of that motion on the grounds that it impermissibly sought to affect the merits of the Award.

Of significance to this appeal is the third option, set forth in HRS § 658A-23, which allows a court to vacate an arbitration award on one of six enumerated grounds. Here, the State sought relief from the Award based on HRS § 658A-23(a)(4), which provides:

> § 658A-23 **Vacating award.** (a) Upon motion to the court by a party to an arbitration proceeding, the court shall vacate an award made in the arbitration proceeding if:
>
> . . . .
>
> (4) An arbitrator exceeded the arbitrator's powers.

Through these options, HRS Chapter 658A contemplates a proceeding in which one party might seek to reduce an arbitration award to a final judgment pursuant to a confirmation motion, and another party might seek to challenge an award to avoid confirmation of an award, in whole or part, and the reduction of the award to an enforceable judgment of the court. However, HRS Chapter 658A does not contemplate a case like this one, where one party secures an order confirming an award, and the court enters final judgment on the confirmation order, while the other party later secures an order vacating in part the same award, without challenging the court's entry of final judgment on the confirmation order.

We cannot speculate as to why the Circuit Court entered the 10/1/10 Judgment, but it did. We also cannot speculate as to

17

why the State failed to seek relief from the 10/1/10 Judgment, but it did not.[13] The Supreme Court of Hawaiʻi has explained that

> the circuit courts are now governed by the Hawaiʻi Rules of Civil Procedure. Those rules set forth the circumstances under and the times within which the circuit courts may take actions to review and set aside their own judgments, see HRCP 50, 52(b), 59, and 60, and a rule, HRCP 6(b), that specifically limits the granting of extensions of time to take such actions. **Once a valid judgment is entered, the only means by which a circuit court may thereafter alter or amend it is by appropriate motion under HRCP 59(e).** DuPonte, 53 Haw. at 126, 488 P.2d at 539.

Wong v. Wong, 79 Hawaiʻi 26, 29-30, 897 P.2d 953, 956-57 (1995) (footnote omitted; emphasis added).

HRS § 658A-23 provides statutory authority for relief from an arbitration award, but not from a final judgment on an order confirming an arbitration award. In order to seek relief in the Circuit Court from a final judgment entered pursuant to HRS § 658A-25(a), such as the 10/1/10 Judgment, the State had to file a timely motion to alter or amend the judgment. It did not. Under these circumstances, we must conclude that the Circuit Court was no longer authorized to enter an irreconcilably inconsistent order based on the State's Motion to Vacate Award. See Wong, 79 Hawaiʻi at 29-30, 897 P.2d at 956-57. On this basis alone, we conclude that the Circuit Court erred when it entered the Order Partially Vacating Award and the Order Denying HSTA's Motion for Rehearing.

Even assuming, *arguendo*, that the Circuit Court could have vacated in part the Award, after entering the 10/1/10 Judgment on the Order Confirming Award, we conclude that the Circuit Court erred in doing so in this case. As the State acknowledges, the State has expressly waived sovereign immunity

---

[13] While reluctant to purposefully include *dicta* in our opinions, we are compelled to note that delays by parties in submitting proposed forms of orders and/or judgments, and/or delays by courts in entering orders and/or judgments, and/or otherwise insufficient attention by parties and/or a court to the memorialization of a court's rulings can impact the outcome of proceedings and otherwise impede the effective and efficient administration of justice.

with respect to Morita's grievance, which is a contract claim pursuant to the applicable Collective Bargaining Agreement, and the State has waived its immunity with respect to the submission of the claim to binding arbitration. See generally HRS § 89-10.8 (2012); HRS § 658-1 (Supp. 2012); HRS § 661-1(1) (1993).

It is well-established that judicial review of arbitration awards is confined to "the strictest possible limits." Mars Constructors, Inc. v. Tropical Enters., Ltd., 51 Haw. 332, 335, 460 P.2d 317, 319 (1969). Moreover, "the fact that an arbitrator may err in applying the law, finding facts, or in construing the contract, or enters an award that is contrary to the evidence adduced, is insufficient grounds for judicial reversal." UHPA v. Univ. of Haw., 66 Haw. 214, 225, 659 P.2d 720, 728 (1983). "An arbitrator's interpretation of a contract cannot be vacated by the reviewing court." Tatibouet v. Ellsworth, 99 Hawai'i 226, 241, 54 P.3d 397, 412 (2002).

Here, the Collective Bargaining Agreement between the HSTA and the State provides, in relevant part:

> When the arbitrator finds that any disciplinary action was improper, the action may be set aside, reduced or otherwise modified by the arbitrator. The arbitrator may award back pay to compensate the teacher wholly or partially for any salary lost. Such back pay award shall be offset by all other compensation received by the grievant(s) including but not limited to unemployment compensation or wages.

(Emphasis added.)

It is clear from the record of the arbitration proceedings that the Arbitrator interpreted this contract provision to allow an award to include interest on back pay in order to "wholly" compensate a teacher for lost salary. The Arbitrator explained that "[t]he purpose of an award of backpay including interest is to 'make whole' financially the Grievant had she not been terminated." He further reasoned that "[p]ayment to the Grievant of wrongfully withheld pay without interest would not restore her whole as loss of use of funds for that period entailed either deprivation or additional costs to

19

the Grievant if she had to borrow funds to replace lost wages while awaiting the results of her grievance."

We reject the State's argument that the Arbitrator exceeded his powers. The Arbitrator was expressly authorized to award "back pay to compensate the teacher wholly . . . for any salary lost." He interpreted this provision to allow interest for the time that Morita was without pay. Even if he incorrectly construed the agreement or misinterpreted applicable law, he acted within his power to interpret the agreement and fashion a remedy in accordance with his interpretation. See Daiichi Hawai'i Real Estate Corp. v. Lichter, 103 Hawai'i 325, 336, 82 P.3d 411, 422 (2003) ("[W]here the parties agree to arbitrate, they thereby assume all the hazards of the arbitration process, including the risk that the arbitrators may make mistakes in the application of law and in their findings of fact.") (citations, internal quotation marks, and brackets omitted; format altered). Accordingly, the Circuit Court erred in vacating in part the Award.

The State submits various arguments regarding sovereign immunity and public policy, based chiefly on HRS § 661-8 (1993), which prohibits pre-judgment interest on claims against the State.[14] We need not examine each nuance of the State's argument. As already stated, under HRS § 661-1, the State waived its sovereign immunity for contracts it entered into and, here, agreed to be bound by the Arbitrator's interpretation of the Collective Bargaining Agreement, including whether the "compensate wholly" or "make whole" language expressly allowed the imposition of interest, even assuming that HRS § 661-8 is

---

[14] HRS § 661-8 (1993) provides:

§ **661-8 Interest.** No interest shall be allowed on any claim up to the time of the rendition of judgment thereon by the court, unless upon a contract expressly stipulating for the payment of interest, or upon a refund of a payment into the 'litigated claims fund' as provided by law.

applicable to arbitration proceedings. Cf. Labrador v. Liberty Mut. Grp., 103 Hawai'i 206, 211, 81 P.3d 386, 391 (2003), cited in Kenneth H. Hughes, Inc. v. Aloha Tower Dev., Corp., 654 F. Supp. 2d 1142, 1149 (D. Haw. 2009) (holding that an "arbitration demand was not a claim and the award was not a judgment by the court, and therefore HRS § 661-8 is not controlling"). Neither sovereign immunity nor the public policy exception[15] to the deference given to arbitration awards are implicated here. Rather, the Arbitrator simply interpreted the "make whole" language in the Collective Bargaining Agreement to allow the imposition of interest to compensate Morita wholly for her lost salary. Accordingly, we reject the State's argument that the Circuit Court did not err in vacating in part the Award.

V.    CONCLUSION

        For the foregoing reasons, we:   (1) vacate the Circuit Court's February 24, 2011 Final Judgment; (2) reverse the Circuit Court's January 4, 2011 orders, the Order Granting Employer's Motion to Vacate in Part Award Dated May 7, 2010, and the Order Denying HSTA's Motion for Reconsideration of Employer's Motion to Vacate in Part Award Dated May 7, 2010; and (3) dismiss HSTA's appeal of the Circuit Court's January 31, 2011 Order Granting HSTA's Motion to Alter and to Amend Judgment Entered October 1, 2010 or in the Alternative to Confirm Supplemental Arbitration Award Clarifying Award Of May 7, 2010, Filed October 11, 2010.

---

[15]    In Inlandboatmen's Union of the Pacific, Haw. Region v. Sause Bros., Inc., 77 Hawai'i 187, 193, 881 P.2d 1255, 1261 (App. 1994), this court recognized that a court will not enforce a contract, or an arbitration award, that violates an explicit public policy.

On the briefs:

Herbert R. Takahashi
Rebecca L. Covert
Davina W. Lam
(Takahashi and Covert)
for Union-Appellant

Robert T. Nakatsuji
Deputy Solicitor General
Department of the Attorney General
for Employer-Appellee

NOS. CAAP-11-0000065 and CAAP-11-0000140; IN THE MATTER OF THE ARBITRATION BETWEEN HAWAII STATE TEACHERS ASSOCIATION, Union-Appellant, and STATE OF HAWAIʻI, DEPARTMENT OF EDUCATION (GRIEVANCE OF KATHLEEN MORITA) (2008-045), Employer-Appellee; *Opinion of the Court by Leonard, J.*