Electronically Filed
Intermediate Court of Appeals
CAAP-23-0000372
18-SEP-2025
12:12 PM
Dkt. 94 SO

NO. CAAP-23-0000372

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI

HAWAII TIRE CO., LLC, a Hawaii limited liability company,
Petitioner-Appellant/Cross-Appellee,
v.
ESTATE OF DAVID S. DELUZ, SR.,
by and through Personal Representative, JAN K. DELUZ,
Respondent-Appellee/Cross-Appellant.

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CASE NO. 3CSP-22-0000010)

SUMMARY DISPOSITION ORDER
(By: Wadsworth, Presiding Judge, McCullen and Guidry, JJ.)

Petitioner-Appellant/Cross-Appellee **Hawaii Tire** Co.,

LLC appeals from the Circuit Court of the Third Circuit's

May 24, 2023 Final Judgment, and Respondent-Appellee/Cross-

Appellant Estate of David S. **De Luz**, Sr. cross-appeals from the

Final Judgment and the March 14, 2023 "Order Granting

Respondent's Motion for Attorneys' Fees as Prevailing Party."[1]

On appeal, De Luz challenges this court's jurisdiction, Hawaii

---

[1] The Honorable Wendy M. DeWeese presided.

Tire challenges the denial of its petition to compel arbitration, and both parties challenge the attorneys' fees awarded.  We have jurisdiction over this appeal and affirm.

Hawaii Tire subleased commercial property at 170 Wiwoʻole Street in Hilo from De Luz under a 1992 sublease agreement (**1992 Sublease**), which was extended and modified over time.[2]

In 2004, "Hilo Tire Company Inc." sent a letter to De Luz that was "a summary of the agreement to lease" for the Wiwoʻole property (**2004 Letter**).  The 2004 Letter included six numbered paragraphs:

> 1) We will pay $5,979 in past-uncollected utilities and taxes.
>
> 2) We will pay $10,400 monthly for the entire building. The rent will be fixed through 2011.
>
> 3) The term of the lease will be through 2031 with rent openers in 2011 and 2021.
>
> 4) We will administer CAM for the property and we will collect funds and disperse payments.
>
> 5) We will pay our own utilities and pro-rata on property taxes.
>
> 6) An agreement will be executed whereby Lex Brodie's Tire Co. and Line-X Hawaii become the exclusive suppliers of tires and bedliners to Big Island Toyota, Suzuki and Mazda dealerships in Hilo and Kona.

---

[2] The 1992 Sublease was between De Luz and Tires of Hawaii.  Hawaii Tire subsequently succeeded the interests of Tires of Hawaii and Hilo Tire Co, Ltd.

(Emphasis added and formatting altered.)  Of note, **Paragraph 6** set forth that an agreement will be executed where Lex Brodie's would exclusively supply tires to Big Island Toyota, Suzuki, and Mazda dealerships.  Hawaii Tire does business as Lex Brodie's Tires.  The letter ended with, "Please execute your agreement to the terms and we can proceed with the sublease."

In 2006, De Luz and Hawaii Tire (as successor in interest to "Hilo Tire Company, Ltd.") executed a Sublease Extension and Modification Agreement (**2006 Modification**) extending and modifying the 1992 Sublease.  The 2006 Modification noted that, although it was dated in 2006, it "has been effective from and after July 13, 2004, the effective date of the understandings set forth herein as evidenced by the [2004 Letter] executed by all of the parties" and attached as Exhibit 1.  Paragraphs 1-5 of the 2004 Letter, along with additional terms, were set forth in the 2006 Modification as amendments to the 1992 Sublease.  Paragraph 6 was not.

In 2021, De Luz initiated a summary possession action in District Court of the Third Circuit claiming in part that Hawaii Tire breached the sublease by failing to pay general excise tax (**GET**).  Hawaii Tire moved to dismiss the summary possession action and compel arbitration, arguing the 1992 Sublease required disputes under the agreement be arbitrated.

The district court found there was an enforceable arbitration agreement as to the GET dispute, and ordered the parties to proceed to arbitration. It retained jurisdiction over the remaining issues in the complaint.

Nine days later, Hawaii Tire submitted a statement of claims with Dispute Prevention and Resolution, Inc. Hawaii Tire, however, made no statements regarding GET. Instead, Hawaii Tire claimed De Luz breached Paragraph 6.

Hawaii Tire then filed the petition to compel arbitration underlying this appeal in circuit court. Hawaii Tire sought "to enforce its right under the 2004 Lease Amendment" as to Paragraph 6. De Luz moved to dismiss.

Ultimately, the circuit court denied Hawaii Tire's motion to compel arbitration and granted De Luz's motion to dismiss the petition. The circuit court found, among other things, that Hawaii Tire failed to establish that an agreement to arbitrate existed as to Paragraph 6.

De Luz moved for $23,110.54 in attorneys' fees under Hawaiʻi Revised Statutes (**HRS**) §§ 607-14 (2016) (assumpsit) and 607-14.5 (2016) (frivolousness). The circuit court awarded attorneys' fees under HRS § 607-14, finding "$15,505.00 to be

reasonable and necessary[.]"[3]  Hawaii Tire appealed and De Luz cross-appealed.

On appeal, (1) De Luz challenges this court's jurisdiction, (2) Hawaii Tire challenges the denial of its petition to compel arbitration, and (3) both parties challenge the attorneys' fees awarded.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the issues raised and the arguments advanced, we resolve this appeal as discussed below, and affirm.

**(1)**  We first address De Luz's contention this court lacks jurisdiction over this appeal.  De Luz argues Hawaii Tire was required to appeal from the January 24, 2023 order denying its petition to compel arbitration rather than the final judgment.  De Luz relies on HRS § 658A-28 (2016) to support this argument.

HRS § 658A-28 allows appeals from an order denying a motion to compel <u>or</u> a final judgment:

> An appeal <u>may</u> be taken from:
>
> (1)  An <u>order denying a motion to compel arbitration</u>;
>
> (2)  An order granting a motion to stay arbitration;
>
> (3)  An order confirming or denying confirmation of an award;

---

[3]  The circuit court also awarded GET of $730.60 on the attorneys' fees awarded.

    (4)  An order modifying or correcting an award;

    (5)  An order vacating an award without directing a rehearing; <u>or</u>

    (6)  A <u>final judgment</u> entered pursuant to this chapter.

HRS § 658A-28(a) (emphases added); <u>Trs. of Don Ho Revocable Living Tr. v. Demattos</u>, 126 Hawaiʻi 179, 181, 268 P.3d 432, 434 (App. 2011) (explaining "HRS § 658A-28(a) authorizes an appeal from an order confirming an award *or* from a final judgment entered pursuant to that chapter").

Here, the final judgment was entered on May 24, 2023. Hawaii Tire filed its notice of appeal on May 31, 2023, within the thirty days required under Hawaiʻi Rules of Appellate Procedure Rule 4. Thus, this court has jurisdiction over this appeal.

**(2)** Next, Hawaii Tire challenges the circuit court's denial of its petition to compel arbitration. Hawaii Tire argues the circuit court improperly resolved the underlying controversy by determining that Paragraph 6 was not enforceable and not arbitrable.

Where there is a petition to compel arbitration and an opposition to that petition, the court must determine whether there is an enforceable agreement to arbitrate:

> (a) On motion of a person showing an agreement to arbitrate and alleging another person's refusal to arbitrate pursuant to the agreement:
>
>     . . . .

>(2) If the refusing party opposes the motion, the court shall proceed summarily to decide the issue and order the parties to arbitrate <u>unless it finds that there is no enforceable agreement to arbitrate</u>.
>
>. . . .
>
>(c) If the court finds that there is no enforceable agreement, it shall not, pursuant to subsection (a) or (b), order the parties to arbitrate. . . .

HRS §§ 658A-7(a)(2) and (c) (2016) (emphasis added and formatting altered).

"When presented with a motion to compel arbitration, the court is limited to answering two questions: 1) whether an arbitration agreement exists between the parties; and 2) if so, whether the subject matter of the dispute is arbitrable under such agreement." <u>Siopes v. Kaiser Found. Health Plan, Inc.</u>, 130 Hawaiʻi 437, 446, 312 P.3d 869, 878 (2013) (internal quotation marks and citations omitted). "The party seeking to compel arbitration carries the initial burden of establishing that an arbitration agreement exists between the parties." <u>Id.</u>

As to the first question, the circuit court determined that an arbitration agreement existed between the parties. The 1992 Sublease provided "[a]ny dispute between the parties relating to the interpretation and enforcement of their rights and obligations <u>under this lease</u> shall be resolved solely by mediation and arbitration[.]" (Emphasis added.)

Turning to the second question, the circuit court was then required to determine whether the disputed matter was arbitrable under the agreement.  See Siopes, 130 Hawaiʻi at 446, 312 P.3d at 878.  To be arbitrable, the disputed matter must relate to the rights and obligations under the agreement.  See id.  In addition, the agreement to arbitrate must be "unambiguous as to the intent to submit disputes or controversies to arbitration."  See id. at 447, 450, 312 P.3d at 879, 882.

Here, Hawaii Tire's statement of claims attempted to submit De Luz's alleged failure to comply with Paragraph 6 to arbitration.  To be arbitrable, Paragraph 6 must be a right or obligation under the 1992 Sublease.  See Siopes, 130 Hawaiʻi at 446, 312 P.3d at 878.

The circuit court found that "[n]one of the nine (9) operable paragraphs of the [2006 Modification] incorporates the language from paragraph 6[.]"  The circuit court further found the 2004 Letter did not "arise under the terms of the lease."  The circuit court concluded Hawaii Tire "failed to meet its initial burden to establish that an arbitration agreement exists between the parties over the subject matter of the dispute."

The 1992 Sublease and 2006 Modification contained no language similar to Paragraph 6.  And, the 2006 Modification

8

contained no language incorporating wholesale the 2004 Letter. Thus, the circuit court's findings were not clearly erroneous and the circuit court's conclusion was not wrong.

Again, Hawaii Tire's statement of claim asserted De Luz failed to comply with Paragraph 6. The circuit court did not resolve the merits of Hawaii Tire's claim - whether or not De Luz failed to comply with Paragraph 6. Instead, the circuit court determined Hawaii Tire's claim was not arbitrable under the arbitration clause of the 1992 Sublease.

Thus, the circuit court did not err in denying Hawaii Tire's petition to compel arbitration.

**(3)** Finally, both parties challenge the award of attorneys' fees.

**(a) Hawaii Tire**

Hawaii Tire contends the circuit court erred in awarding attorneys' fees because HRS Chapter 658A does not allow for attorneys' fees for petitions to compel arbitration, and petitions to compel arbitration should not be considered in the nature of assumpsit under HRS § 607-14.

Interpretation of a statute is reviewed de novo. Yamamoto v. Chee, 146 Hawaiʻi 527, 532, 463 P.3d 1184, 1189 (2020).

9

HRS Chapter 658A provides for attorneys' fees under certain circumstances, but is silent as to petitions to compel arbitration under HRS § 658A-7.[4]  And the Hawaiʻi Supreme Court explained that HRS § 607-14 "applies only to court actions and not arbitration proceedings" because it provides for attorneys' fees "*[i]n all the courts*, in all actions in the nature of assumpsit[.]"  Hamada v. Westcott, 102 Hawaiʻi 210, 218, 74 P.3d 33, 41 (2003) (quoting HRS § 607-14).

But a petition to compel arbitration is not itself an arbitration proceeding brought before an arbitrator; the petition to compel arbitration is brought before a court.  As such, HRS § 607-14 may be a basis for awarding attorneys' fees in a petition to compel arbitration under HRS § 658A-7 if the petition was in the nature of assumpsit.  See Sheehan v. Centex Homes, 853 F. Supp. 2d 1031, 1038-39 (D. Haw. 2011) (awarding attorneys' fees under HRS § 607-14 on a motion to compel arbitration on the basis that the motion for fees was based on a contractual provision providing for recovery of attorneys' fees); see generally Kona Vill. Realty, Inc. v. Sunstone Realty Partners, XIV, LLC, 123 Hawaiʻi 476, 477, 236 P.3d 456, 457

---

[4]  Under HRS Chapter 658A attorneys' fees may be awarded (1) by an arbitrator during an arbitration proceeding if an award is allowed in civil actions involving the same claim or the parties agree to the award, or (2) by a court to a prevailing party in a contested judicial proceeding after it enters judgment on an arbitration award.  See HRS §§ 658A-21 and -25 (2016).

(2010); <u>Seven Signatures Gen. P'ship v. Irongate Azrep BW LLC</u>, 871 F. Supp. 2d 1040, 1057 (D. Haw. 2012).

Nonetheless, "even if a case sounds in assumpsit, where there is a specific contractual provision or language providing for attorney fees, the contract should be followed in awarding fees." <u>Cowan v. Exclusive Resorts PBL1, LLC.</u>, No. SCWC-17-0000714, 2025 WL 2364701, at *4 (Haw. Aug. 14, 2025).

Here, the 1992 Sublease provided that the prevailing party in an action was entitled to recover reasonable attorneys' fees:

> "If either party commences an action against the other party arising out of or in connection with this lease, the prevailing party shall be entitled to have and recover from the losing party reasonable attorneys' fees and costs of suit."

Hawaii Tire commenced an action against De Luz when it filed a petition to compel arbitration under their agreement. The circuit court denied the petition. De Luz was the prevailing party and Hawaii Tire was the losing party. Under the terms of the 1992 Sublease, De Luz was entitled to recover reasonable attorneys' fees.

11

Thus, the circuit court did not err in awarding attorneys' fees to De Luz.

### (b) De Luz

De Luz contends the circuit court erred in reducing the request for attorneys' fees because the request was reasonable under HRS § 607-14 and Hawaii Tire's petition to compel arbitration was frivolous under HRS § 607-14.5.

HRS § 607-14.5 allows "a reasonable sum" for attorneys' fees where a party's claim was frivolous. "A finding of frivolousness is a high bar; it is not enough that a claim be without merit, there must be a showing of bad faith." Tagupa v. VIPDesk, 135 Hawaiʻi 468, 479, 353 P.3d 1010, 1021 (2015).

We review awards of attorneys' fees for an abuse of discretion. Gailliard v. Rawsthorne, 150 Hawaiʻi 169, 175, 498 P.3d 700, 706 (2021). An abuse of discretion occurs where the court has disregarded rules or principles of law to a party's substantial detriment. Id.

Here, the circuit court noted it could not make a finding of frivolousness, and found $15,505.00 to be reasonable. De Luz raises the same arguments on appeal as below - there was no enforceable contract as to Paragraph 6, Hawaii Tires attempted to expand the district court's order to arbitrate the GET, and the petition was procedurally defective. De Luz

however does not present a rule or law the circuit court disregarded.

De Luz also argues the entire $23,110.54 requested was reasonable, and the circuit court appears to have "arbitrarily reduced" the fees "without any analysis of the reasonableness[.]" Attorneys' fees pursuant to HRS § 607-14 "are not presumptive and do not require an 'adequate explanation' by the court." Ranger Ins. Co. v. Hinshaw, 103 Hawaiʻi 26, 33, 79 P.3d 119, 126 (2003).

Under these circumstances, we decline to disturb the circuit court's award of attorneys' fees.

Based on the foregoing, we affirm the (1) May 24, 2023 Final Judgment and (2) March 14, 2023 "Order Granting Respondent's Motion for Attorneys' Fees as Prevailing Party."

DATED: Honolulu, Hawaiʻi, September 18, 2025.

<table>
<tr><td>On the briefs:</td><td>/s/ Clyde J. Wadsworth<br>Presiding Judge</td></tr>
<tr><td>Bruce D. Voss,<br>John D. Ferry III,<br>(Lung Rose Voss & Wagnild),<br>for Petitioner-Appellant/<br>Cross-Appellee.</td><td>/s/ Sonja M.P. McCullen<br>Associate Judge<br><br>/s/ Kimberly T. Guidry<br>Associate Judge</td></tr>
<tr><td>Francis L. Jung,<br>David H. Lawton,<br>Carol Monahan Jung,<br>Emil A. Macasinag,<br>(Jung & Vassar),<br>for Respondent-Appellee/<br>Cross-Appellant.</td><td></td></tr>
</table>